UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ) ) ) ) Defendant. ) ) | Civil Action No. 06-883 (EGS) |

**MOTION TO DISMISS CLAIM FOUR OF PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Department of Homeland Security respectfully moves the Court to dismiss Claim Four of plaintiff's amended complaint for failure to state a claim upon which relief can be granted. The accompanying memorandum sets forth the grounds for this motion.

Dated: July 11, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Branch Director

OF COUNSEL:

MOLLY WEBER

s/ Sara W. Clash-Drexler

| | |
|---|---|
| United States Secret Service | ELIZABETH J. SHAPIRO |
| | (D.C. Bar No. 418925) |
| | Assistant Branch Director |
| | SARA CLASH-DREXLER |
| | (Pa. Bar No. 86517) |
| | Trial Attorney |
| | JUSTIN M. SANDBERG |
| | (Ill. Bar. No. 6278377) |
| | Trial Attorney |
| | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| | 20 Massachusetts Avenue, N.W. #7224 |
| | P.O. Box 883 Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Telephone: (202) 514-3489 |
| | Facsimile: (202) 616-8202 |
| | E-mail: justin.sandberg@usdoj.gov |
| | |
| | <u>Attorneys for Defendant</u> |

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES DEPARTMENT OF ) HOMELAND SECURITY, ) ) Defendant. ) ) | Civil Action No. 06-883 (EGS) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLAIM FOUR OF PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff's Amended Complaint for Declaratory Judgment and Injunctive Relief (Complaint), May 23, 2006, asks the Court to declare that defendant violated the Federal Records Act (FRA or Act), 44 U.S.C. §§ 2101-18, 2901-09, 3101-07, 3301-24, by destroying Worker and Visitor Entrance System (WAVES) records and to order defendants (i) to take all steps necessary to ensure that WAVES records are preserved and (ii) to retrieve WAVES records transferred to the White House. The Court should dismiss plaintiff's FRA claim, Claim Four, for failure to state a claim upon which relief can be granted: The Act does not provide a private right of action. Thus, the Court should dismiss Claim Four of the Complaint under Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] Defendant assumes, for purposes of this motion only, that WAVES records are federal records under the FRA. See 44 U.S.C. § 3301.

## BACKGROUND

Plaintiff submitted a Freedom of Information Act (FOIA) request, which potentially encompasses WAVES records pre-dating October 2004, to the United States Secret Service, a component of defendant. Complaint at ¶ 24. But the Secret Service, pursuant to a longstanding practice, removed pre-October 2004 WAVES records from its system after sending a copy of each record to the White House. Id. at ¶¶ 30-31. Thus, "the Secret Service no longer possesses WAVES records requested by . . . Plaintiff [Citizens for Responsibility and Ethics in Washington] . . . because the Secret Service destroyed those records once [it] sent copies to the White House." Complaint at ¶ 32.

According to Claim Four of the Complaint, defendant violated the FRA when it removed the WAVES records: "Defendant violated the FRA when it unilaterally destroyed WAVES records prior to October 2004." Complaint at ¶ 46. Plaintiff suggests two remedies. First, plaintiff asks the Court to "[o]rder [defendant] to take all necessary steps to ensure the appropriate preservation of WAVES records." Id. at 12. Second, it asks the Court to "[o]rder [defendant] to take all necessary steps to retrieve from the White House Copies of all WAVES records that it forwarded to the White House but failed to maintain within the Secret Service." Id.; see also id. at ¶ 2.

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a count in a complaint if the count fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court should grant a Rule 12(b)(6) motion if plaintiff can prove no set of facts in support of its claim that would entitle it to relief. See, e.g., Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004).

The Court should dismiss Claim Four of the Complaint for failure to state a claim upon which relief can be granted because the Act does not provide either an express or implied private right of action. Determining that there is no express right of action is easy enough: Nothing in the text of the FRA gives private parties the right to sue. See 44 U.S.C. §§ 2101-18, 2901-09, 3101-07, 3301-24. And establishing that there is no implied private right of action is similarly undemanding in this case, as both the Supreme Court and D.C. Circuit have held that the Act contains no implied right of action. " Kissinger v. Reporters Committee For Freedom of the Press, 445 U.S. 136, 148 (1980); Armstrong v. Bush, 924 F.2d 282, 294 (D.C. Cir. 1991).

The FRA is "a collection of statutes governing the creation, management, and disposal of records by federal agencies." Public Citizen v. Carlin, 184 F.3d 900, 902 (D.C. Cir. 1999). See 44 U.S.C. §§ 2101-18, 2901-09, 3101-07, 3301-24. It "authorizes the head of each Federal agency to establish a records management program and to define the extent to which documents are appropriate for preservation as agency records." Kissinger, 445 U.S. at 147. Additionally, it "provides the exclusive means for record disposal."[2] Id. This "exclusive means" encompasses two procedural mechanisms for determining whether documents can be disposed, but both share the requirement that the Archivist of the United States (Archivist) must approve the dismissal. Carlin, 184 F.3d at 902.

What is more, the Act establishes an administrative enforcement scheme to prevent the improper removal or destruction of records. Armstrong, 924 F.2d at 294. This enforcement regime comprises two complementary mechanisms for protecting records. Under 44 U.S.C. § 2905, if the

---

[2] To be more specific, the Records Disposal Act (RDA), 44 U.S.C. § 3101, et seq., controls the disposition of records, but as the D.C. Circuit has treated the RDA as a portion of the FRA, Public Citizen v. Carlin, 184 F.3d 900, 902 (D.C. Cir. 1999) (referring to "the RDA portion of the FRA"), defendant does so as well.

Archivist learns that documents are being mishandled in certain material ways, then he is obliged to notify the agency head, assist the head of the agency in initiating an action through the Attorney General (or initiate the action himself if the agency head refuses), and (in certain situations) notify Congress.  And pursuant to 44 U.S.C. § 3106, each agency head is obligated to alert the Archivist of material mishandling of documents and initiate an action through the Attorney General to put a stop to the improper practice(s).

The FRA, thus, provides for many things, but it does not provide either an express or implied private right of action.  Kissinger, 445 U.S. at 148.  Whether there is an express private right of action is settled by the text of the statute, of course, see Oliver v. Sealaska Corp., 192 F.3d 1220, 1223 (9th Cir. 1999), and nothing in the text of the FRA grants private parties the right to sue, see 44 U.S.C. §§ 2101-18, 2901-09, 3101-07, 3301-24.  And though the question of whether there is an implied right of action can be an involved one, see Kissinger, 445 U.S. at 148 (noting that the Court has thoroughly reviewed this general matter), it is not here, as both the Supreme Court and the D.C. Circuit have concluded that the FRA does not include an implied private right of action, Kissinger, 445 U.S. at 148-150; Armstrong, 924 F.2d at 294.  (The D.C. Circuit addressed the issue because Congress amended the FRA after the Kissinger decision.  Armstrong, 924 F.2d at 294.)  The Supreme Court premised its decision on (i) the Act's failure to create or alter any civil liabilities, (ii) the existence of the administrative remedy scheme, and (iii) the Act's legislative history. Kissinger, 445 U.S. at 148-150.  The D.C. Circuit concluded that Congress's amendments, which enable the Archivist to initiate an action through the Attorney General without the help of the agency head, demonstrate an intention to rely on administrative enforcement and not to create a private right of action: "The 1984 amendments to the FRA support the reasoning of Kissinger and indicate that

4

Congress again decided to rely on administrative enforcement, rather than judicial review at the behest of private litigants, to prevent the destruction or removal of records." Armstrong, 924 F.2d at 294.

In light of this well-established and controlling law regarding the absence of a private right of action, dismissal of Claim Four is appropriate. Plaintiff wants the Court to order defendant to prevent the removal of WAVES records from the USSS's system and to retrieve records transferred to the White House. Id. at ¶ 2, p. 12. But as is evident from the legal framework discussed above, plaintiff's request is off the mark: The Act does not provide a cause of action necessary to support such a suit, see Kissinger, 445 U.S. at 148-150, and "it would clearly contravene [the] system of administrative enforcement to authorize private litigants to invoke federal courts to prevent an agency official from improperly destroying or removing records," Armstrong, 924 F.2d at 294.

## CONCLUSION

For the above stated reasons, the Court should dismiss Claim Four of plaintiff's complaint.

Dated: July 11, 2006                                     Respectfully submitted,

                                                         PETER D. KEISLER
                                                         Assistant Attorney General

                                                         KENNETH L. WAINSTEIN
                                                         United States Attorney

                                                         CARL J. NICHOLS
                                                         Deputy Assistant Attorney General

                                                         JOSEPH H. HUNT
OF COUNSEL:                                              Branch Director

MOLLY WEBER                                              s/ Sara W. Clash-Drexler
United States Secret Service                             ELIZABETH J. SHAPIRO

5

(D.C. Bar No. 418925)
Assistant Branch Director
SARA CLASH-DREXLER
(Pa. Bar No. 86517)
Trial Attorney
JUSTIN M. SANDBERG
(Ill. Bar. No. 6278377)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. #7224
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-3489
Facsimile: (202) 616-8202
E-mail: justin.sandberg@usdoj.gov

<u>Attorneys for Defendant</u>