UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND<br>  ETHICS IN WASHINGTON,<br><br>       Plaintiff,<br><br>       v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>  SECURITY,<br><br>       Defendant. | :<br>:<br>:<br>:<br>:<br>:  Civil Action No. 06-883 (EGS)<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY**

**STATEMENT**

Defendant U.S. Department of Homeland Security ("DHS") has moved to stay this action pending resolution of the government's motion to consolidate this case with <u>Democratic National Committee v. U.S. Secret Service</u>, No. 1:06-842 (JGP). As DHS's latest filings in both cases now make clear, DHS is engaging in judge-shopping and its motion to stay appears to be motivated by a desire to have the Honorable Judge Penn decide the merits of all claims, including claims that even the government has conceded are completely distinct from the Freedom of Information Act ("FOIA") claims raised in both cases. Accordingly, the Court should deny the stay motion or, at a minimum, deny the stay as to Count Four of this action, which arises under the Federal Records Act ("FRA").

**BACKGROUND**

On May 10, 2006, Citizens for Responsibility and Ethics in Washington ("CREW") filed its complaint in this action based on defendant DHS's failure to provide CREW with documents

CREW had requested under the FOIA relating to any visits that specified individuals made to the White House or the residence of the Vice President between January 1, 2001 and the present.[1] Two weeks later, on May 23, 2006, CREW amended its complaint to include a count under the Federal Records Act, based on the announced policy of the Secret Service to purposely destroy WAVES records, which record White House visits, after providing copies on a routine basis to the White House.

Thereafter, on June 12, 2006, DHS filed a motion to consolidate this case with <u>Democratic National Committee v. U.S. Secret Service</u>, pending before the Honorable Judge Penn. That action is based on the refusal of the Secret Service to respond to a FOIA request that the Democratic National Committee ("DNC") made for records of White House visits by six individuals. DHS's motion for consolidation is based primarily on its as yet unrealized intent to raise a defense that it asserts would be common to all FOIA claims in the two actions, specifically "whether these types of records are 'agency records' within the meaning of FOIA." Memorandum of Points and Authorities in Support of Defendant's Motion for Consolidation at 3.[2] With respect to CREW's claim under the Federal Records Act, DHS has conceded that "[t]here is no reason . . . why CREW's FRA claim cannot, or should not proceed on a separate track from the FOIA claims." Reply Memorandum in Further Support of Defendant's Motion for Consolidation at 4.

In opposing DHS's motion, CREW pointed out that while there is some overlap between

---

[1] Those individuals include: Jack Abramoff, Michael Scanlon, Neil Volz, Tony Rudy, Shawn Vassell, Kevin Ring, Edwin Buckham, and Patrick Pizzella.

[2] Both CREW and DHS have filed with this Court copies of all pleadings relating to DHS's motion for consolidation in the other action.

the cases, that overlap is outweighed by the significant differences of law and fact between the two cases. For example, CREW's lawsuit is based on its FOIA request for records of visits by eight individuals, only three of which are included in the DNC's FOIA. Opposition of Citizens for Responsibility and Ethics in Washington to Defendant's Motion for Consolidation at 2. In addition, CREW defined "White House" more broadly than did the DNC and, unlike the DNC, seeks records of visits to the Vice President's residence. Id. And CREW's complaint includes a separate and distinct count under the FRA, based on separate facts from those relating to DHS's processing of either FOIA request. Id. at 2-3. Finally, CREW pointed out that DHS's motion to consolidate was based on a defense DHS claims it will raise at some future date, the merits of which are completely unknown to either Court. Id. at 3.

In the meantime, on June 13, 2006, this Court issued an Order for Initial Scheduling Conference, under which the parties were directed to confer no later than July 19, 2006, and submit a report no later than July 26, 2006. To fulfill these requirements, counsel for CREW attempted to contact DHS's counsel on Monday, July 10, to initiate discussions. DHS's counsel left a message with CREW the following day that DHS intended to file a motion to stay.

On July 11, 2006, as promised, DHS filed its motion to stay. As grounds for this motion, DHS argues that a stay will "avoid the possibility of unnecessary or duplicative expenditures of resources by the Court and the parties." Memorandum of Points and Authorities in Support of Defendant's Motion to Stay at 2, ¶5.

Simultaneously DHS also filed a motion to dismiss CREW's FRA count, alleging that it fails to state a claim upon which relief can be granted. DHS's motion is premised on the assumption that "WAVES records are federal records under the FRA." Memorandum in Support

of Defendant's Motion to Dismiss Claim Four of Plaintiff's Amended Complaint at 1, n.1. As outlined above, DHS's motion for consolidation is premised on its intent to assert as a defense common to all FOIA claims that the records at issue are not agency records for purposes of the FOIA.

## ARGUMENT

CREW is mindful of the need to preserve resources and avoid duplicative efforts by two courts, the purported rationale for DHS's motion to stay. But where, as here, a party appears to be using a procedural vehicle as a thinly disguised effort to judge-shop and avoid litigating a claim that is potentially very embarrassing to this Administration, that need is outweighed.

First, DHS's own actions belie its claimed intent to avoid unnecessary or duplicative expenditures of resources. According to the docket sheet in this action, DHS filed its motion for a stay two minutes after it filed its motion to dismiss count four of the complaint, an action that is completely at odds with its request that nothing proceed in this case to avoid duplication. The logical inference is that DHS seeks to get its position on record and perhaps influence the decision of either this Court or the Court in which it has sought consolidation, while simultaneously denying CREW an opportunity to respond promptly to the merits of DHS's motion.

What DHS also seeks to avoid is the meet and confer process which CREW has already attempted to initiate. This should come as no surprise, given that CREW's count under the FRA is premised on a declaration DHS submitted in support of its motion to dismiss a third lawsuit involving Secret Service records of visits to the White House, <u>Judicial Watch v. U.S. Secret Service</u>, No. 1:06-310 (JGP). In that action DHS attested to a purportedly "longstanding practice

of the Secret Service to transfer WAVES records on CD-ROM to the White House every 30 to 60 days,"[3] and thereafter erase the records from its own computers. Declaration of Kathy J. Lyerly ("Lyerly Decl."), ¶10 (Exhibit C to Amended Complaint). The intent of this record keeping practice could not be more apparent: by shipping these records to the White House, an entity not subject to the FOIA, and destroying its own copies, the Secret Service was ensuring that the public was denied access to information about who and when someone visited the White House.[4]

If CREW is permitted to continue with the meet and confer process ordered by this Court, CREW will have an opportunity to explain to DHS and the Court why DHS's motion to dismiss this count is without merit and, at a minimum, why discovery is necessary to establish the particulars and illegality of this practice.[5]

That DHS is engaged in gamesmanship is also evidenced by the blatant contradictions between the legal premises of its motion for a stay and its motion for consolidation. In seeking consolidation, DHS has alluded to a defense it intends to raise that the Secret Service records

---

[3] As Judicial Watch pointed out in responding to this motion, this practice, far from being "longstanding," dated back to this Administration only.

[4] Ms. Lyerly also explained that this practice came to an end when the National Archives and Records Administration requested that the Secret Service retain its WAVES records, a request that is consistent with DHS's obligations under the Federal Records Act. *See* Lyerly Decl., ¶ 11.

[5] CREW also anticipates that its opposition to DHS's motion to dismiss count four will explain what DHS omitted – not all private actions under the FRA are precluded. CREW will also amend its complaint to the extent necessary to make clear that what CREW is challenging here is not DHS's' destruction of any particular document, but the record keeping practices and policies of the agency.

CREW seeks are not agency records for purposes of the FOIA.[6]  Putting aside the fact that this defense makes no sense in the context of the agency's actions here,[7] this defense is contradicted by the legal premise that DHS asks this Court to assume with respect to the FRA count, namely that the "WAVES records are federal records under the FRA." Memorandum in Support of Defendant's Motion to Dismiss Claim Four of Plaintiff's Amended Complaint at 1, n.1.  Simply stated DHS cannot have it both ways – either these are records of DHS subject to both the FRA and the FOIA, or they are not records for purposes of either statute.

## CONCLUSION

For the foregoing reasons, the Court should deny DHS's motion for a stay and order the parties to confer promptly to satisfy their meet and confer obligations.  Alternatively, the Court should deny the stay as to Count Four of the Amended Complaint, and thereby permit CREW an opportunity to respond to DHS's Motion to Dismiss.

Respectfully submitted,

\_\_\_/s/_____
Anne L. Weismann

---

[6] Tellingly, while DHS has claimed it will raise this defense, it failed to do so at the first logical opportunity, when it filed a motion to dismiss Judicial Watch v. U.S. Secret Service for lack of subject matter jurisdiction.  That motion was based not on the argument that the records Judicial Watch was seeking were not agency records, but that the Secret Service had already provided Judicial Watch with all responsive documents.

[7] Specifically, if DHS legitimately believed it had no agency records responsive to CREW's request it could simply have denied the request.  That it did not do so suggests this is a legal maneuver manufactured by DHS's lawyers to avoid public exposure of visits to the White House and the residence of the Vice President by the highly controversial figures specified in CREW's FOIA request.

          (D.C. Bar No. 298190)
          Melanie Sloan
          (D.C. Bar No. 434584)
          Citizens for Responsibility and Ethics
           In Washington
          1400 Eye Street, N.W., Suite 450
          Washington, D.C.  20005
          Phone: (202) 408-5565
          Fax: (202) 588-5020

          Attorneys for Plaintiff

Dated: July 12, 2006