UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>      Defendant. | Civil Action No. 06-883 (EGS) |

**AMENDED ANSWER TO CLAIMS ONE THROUGH THREE**

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks subject-matter jurisdiction over this case.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has not properly served process on defendant.

      Defendant United States Secret Service answers the numbered paragraphs of plaintiff's complaint as follows:

    1. This paragraph is a characterization of the action to which no response is required.

    2. This paragraph is a characterization of the relief sought in the action, to which no response is required.

3. This paragraph contains plaintiff's jurisdictional and venue statements, which are legal conclusions to which no responses are required.

4. Defendant lacks knowledge or information sufficient to form a belief as to plaintiff's structure, status, purpose or practices.

5. Defendant lacks knowledge or information sufficient to form a belief as to plaintiff's past or current practices.

6. This paragraph contains a legal conclusion to which no response is necessary.

7. This paragraph contains legal conclusions to which no response is necessary.

8. The first sentence of this paragraph is a legal conclusion to which no response is necessary. With respect to the second sentence, defendant admits that, through the United States Secret Service (USSS), it has possession of some documents, including WAVES records, that pertain to the subject matter of plaintiff's request. Whether defendant (or USSS) has control of the documents, or is responsible for fulfilling plaintiff's Freedom of Information Act (FOIA) request, are legal conclusions to which no response is required. The third sentence pertains to plaintiff's Federal Records Act (FRA) claim, a response to which is due sixty days from the date on which the complaint was served. Accordingly, no response is necessary at this time.

9-18. These paragraphs contain legal conclusions to which no response is required.

19-23. These paragraphs pertain to defendant's FRA claim, a response to which is due sixty days from the date on which the complaint was served. Accordingly, no response is necessary at this time.

24. Defendant admits receiving a FOIA request from plaintiff, attached as Exhibit A to plaintiff's complaint, but defendant respectfully refers the Court to Exhibit A for a complete and

accurate statement of its contents.

25. This paragraph contains summaries of plaintiff's FOIA request, to which no response is required, but defendant respectfully refers the Court to Exhibit A for a complete and accurate statement of the contents of the request. The third and fourth sentences also constitute legal conclusions to which no response is required.

26. This paragraph is a summary of the FOIA request, to which no response is required, but defendant respectfully refers the Court to Exhibit A for a complete and accurate statement of the contents of the request.

27. Defendant admits that it sent a letter to plaintiff acknowledging plaintiff's request, attached as Exhibit B to plaintiff's complaint, but denies that plaintiff has received no documents related to the subject matter of its request: Without conceding that FOIA required it to do so, defendant released to plaintiff on May 10, 2006 and July 7, 2006 documents related to Jack Abramoff's visits to the White House Complex. Defendant respectfully refers the Court to Exhibit B for a complete and accurate statement of the contents of the letter acknowledging plaintiff's request.

28. This paragraph contains legal conclusions to which no response is required.

29. Defendant admits that it filed a motion to dismiss for lack of subject matter jurisdiction (attached as Exhibit C to plaintiff's complaint) in <u>Judicial Watch v. United States Secret Service</u>, 06-CV-310, and respectfully refers the Court to Exhibit C for a complete and accurate statement of its contents.

30. The first and second sentences are summaries of part of the declaration by Special Agent Lyerly, and defendant respectfully refers the Court to the declaration, attached as part of

Exhibit C, for a complete and accurate statement of its contents. Defendant lacks knowledge and information sufficient to answer the third sentence.

31. This paragraph is a summary of part of the Declaration by Special Agent Lyerly, and defendant respectfully refers the Court to Exhibit C for a complete and accurate statement of the contents of the declaration.

32. The first sentence is a summary of part of the motion to dismiss in <u>Judicial Watch v. United States Secret Service</u>, 06-CV-310, and defendant respectfully refers the Court to Exhibit C for a complete and accurate statement of the contents of the motion. With regard to the second sentence, defendant denies that it does not possess WAVES records pertaining to the subject matter of Judicial Watch's January 20, 2006 FOIA request or CREW's February 2, 2006 FOIA request.

33. Defendant incorporates by reference its responses to paragraphs 1-32.

34. This paragraph contains legal conclusions to which no response is necessary.

35. This paragraph contains legal conclusions to which no response is necessary.

36. This paragraph contains a legal conclusion to which no response is necessary.

37. Defendant incorporates by reference its responses to paragraphs 1-36.

38. This paragraph contains a legal conclusion to which no response is necessary.

39. Defendant denies that plaintiff has not received documents pertaining to the subject matter of its FOIA request, as defendant released to plaintiff, without conceding that FOIA required it to do so, records relating to Jack Abramoff's visits to the White House Complex. The claim that defendant has exceeded the statutory time limit is a legal conclusion to which no response is necessary.

40. This paragraph contains a legal conclusion to which no response is necessary.

41. Defendant incorporates by reference its responses to paragraphs 1-40.

42. This paragraph contains legal conclusions to which no response is required.

43. This paragraph contains legal conclusions to which no response is required.

44. Defendant incorporates by reference its responses to paragraphs 1-43.

45-47. These paragraphs relate to plaintiff's claims under the FRA, a response to which is due sixty days from the date on which the complaint was served. Accordingly, no response is necessary at this time.

The final, unnumbered paragraph of the complaint represents a request for relief to which no response is required. Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the complaint.

Dated: July 7, 2006                                      Respectfully submitted,

                                                         PETER D. KEISLER
                                                         Assistant Attorney General

                                                         KENNETH L. WAINSTEIN
                                                         United States Attorney

                                                         CARL J. NICHOLS
                                                         Deputy Assistant Attorney General

                                                         JOSEPH H. HUNT
OF COUNSEL:                                              Branch Director

MOLLY WEBER                                              s/ Justin M. Sandberg
United States Secret Service                             ELIZABETH J. SHAPIRO
                                                         (D.C. Bar No. 418925)
                                                         Assistant Branch Director
                                                         SARA CLASH-DREXLER

(Pa. Bar No. 86517)
Trial Attorney
JUSTIN M. SANDBERG
(Ill. Bar. No. 6278377)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. #7224
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-3489
Facsimile:  (202) 616-8202
E-mail:  justin.sandberg@usdoj.gov

Attorneys for Defendant