UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-0842 (JGP) |
| UNITED STATES SECRET SERVICE, | : | |
| Defendant. | : | |
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-0083 (JGP) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| Defendant. | : | |

**UNOPPOSED MOTION TO AMEND COMPLAINT AND
MEMORANDUM IN SUPPORT**

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") hereby moves to file the attached Second Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. As ground for this motion, Plaintiff states as follows:

1. On May 10, 2006, CREW filed its complaint against defendant U.S. Department of Homeland Security ("DHS"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, based on the failure of DHS and its subcomponent, the United States Secret Service, to respond to CREW's FOIA request for records relating to any visits that specified individuals

made to the White House or the residence of the Vice President between January 1, 2001, and the present.

2. On May 16, 2006, the Secret Service filed a motion to dismiss for lack of subject matter jurisdiction in Judicial Watch v. U.S. Secret Service No. 06-310 (JGP), another FOIA lawsuit before this Court challenging the failure of the Secret Service to produce records in response to Judicial Watch's request for all records that reflect the entries and exits of lobbyist Jack Abramoff to and from the White House. As part of its motion, the Secret Service submitted the declaration of Kathy J. Lyerly, the Special Agent in Charge of the Liaison Division and the Freedom of Information Privacy Acts Office for the Secret Service (attached as Exhibit D to the Amended Complaint).

3. In her declaration, Ms. Lyerly attest to the "longstanding practice of the Secret Service to transfer WAVES [Worker and Visitor Entry System] records on CD-ROM to the White House every 30 to 60 days. Lyerly Decl. at ¶10. Ms. Lyerly also stated that "once the Secret Service transferred the WAVES records, the Secret Service ensured that those records were erased from its computer system." Id. According to Ms. Lyerly, beginning in October 2004, "at the request of the National Archives and Records Administration, the Secret Service began temporarily retaining its own copy of the WAVES records that it transferred to the White House." Id. at ¶11.

4. Based on this information, CREW amended its complaint on May 23, 2006, to add a count under the Federal Records Act, 44 U.S.C. §§3301, et seq. ("FRA"), challenging the Secret Service's failure to preserve all WAVES records. Because DHS had not yet served a responsive pleading, CREW filed its amendment as a matter of right pursuant to Rule 15(a) of the Federal

Rules of Civil Procedure.

5. On July 11, 2006, DHS filed a motion to dismiss Claim Four of Plaintiff's Amended Complaint, brought under the FRA. DHS's motion was based on the fact that the FRA does not provide a private right of action.

6. CREW does not contest DHS's motion to dismiss claim four of the Amended Complaint. Instead, CREW seeks leave to file a Second Amended Complaint to make clear that CREW is challenging the adequacy of the Secret Service's record keeping guidelines and directives, specifically the agency's policy to destroy all WAVES records once the agency has transferred the information to the White House. Because CREW is seeking review under the Administrative Procedure Act ("APA"), the second amended count does not suffer from the same defect as Claim Four of the Amended Complaint. *See* American Friends Service Comm'n v. Webster, 720 F.2d 29 (D.C. Cir. 1983) (holding that even though FRA does not provide private right of action, court could, under the APA, review a challenge to agency's record destruction program, under which agency was destroying records plaintiffs alleged were required to be preserved under the FRA); *see also* Armstrong v. Bush, 924 F.2d 292 (D.C. Cir. 1991).

7. Defendant DHS will not be prejudiced by this amendment given that the claim as set forth in the Second Amended Complaint arises from the same facts as the Amended Complaint and the defendant, therefore, has been on notice of the basis for this claim since May 23, 2006.

8. Counsel for DHS has authorized CREW to represent that DHS does not oppose the granting of this motion. Counsel for the Democratic National Committee ("DNC") has authorized CREW to represent that the DNC does not oppose this motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this motion be granted.

                              Respectfully submitted,

                              ____/s/_____
                              Anne L. Weismann
                              (D.C. Bar No. 298190)
                              Melanie Sloan
                              (D.C. Bar No. 434584)
                              Citizens for Responsibility and Ethics
                               In Washington
                              1400 Eye Street, N.W., Suite 450
                              Washington, D.C.  20005
                              Phone:  (202) 408-5565
                              Fax: (202) 588-5020

                              Attorneys for Plaintiff

Dated: July 27, 2006