UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
DEMOCRATIC NATIONAL COMMITTEE,     :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :   Civil Action No. 06-00842 (JGP)
                                    :
UNITED STATES SECRET SERVICE,       :
                                    :
        Defendant.                  :
_____:

CITIZENS FOR RESPONSIBILITY AND     :
ETHICS IN WASHINGTON,               :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :   Civil Action No. 06-00883 (JGP)
                                    :
U.S. DEPARTMENT OF HOMELAND         :
SECURITY,                           :
                                    :
        Defendant.                  :
_____:

## JOINT STATEMENT

Pursuant to the Court's Order of July 21, 2006, the parties in the above-captioned action hereby submit this joint statement.

1.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, and agency FOIA regulations, to challenge the failure of the United States Secret Service ("Secret Service"), a component of the U.S. Department of Homeland Security ("DHS"), to fulfill CREW's request for documents relating to any visits that specified individuals made to the White House or the

residence of the Vice President between January 1, 2001, and the present, and DHS's failure to act on CREW's request for expedited treatment of its FOIA request.  CREW's action is also brought under the Federal Records Act ("FRA"), and the Administrative Procedure Act, 5 U.S.C. §706, to challenge the policy of the Secret Service to erase federal records, including Worker and Visitor Entrance System ("WAVES") records, from its computer system once it has transferred the information on those records to the White House.

Plaintiff Democratic National Committee ("DNC") brought its action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and Department of Homeland Security regulations, to challenge the failure of the U.S. Secret Service ("USSS"), an agency of the Department of Homeland Security ("DHS") to comply with FOIA in response to the DNC's FOIA request of January 30, 2006, for records reflecting, referring or relating to entrance to and exit from the White House Complex, during the period from January 20, 2001 through May 12, 2005, of Jack Abramoff, Michael Scanlon, Grover Norquist, Patrick Pizzella, Ralph Reed and David Safavian.   Since the filing of the suit, USSS has produced to the DNC (and to CREW) the same documents, relating to entrance and exit by Mr. Abramoff, that USSS produced to Judicial Watch as a result of the Stipulation and Order entered on April 25, 2006 in the case of *Judicial Watch, Inc. v. United States Secret Service*, No. 1:06-CV-00310 (JGP).  USSS has also made clear, in the *Judicial Watch* case, that as to all of the individuals involved, USSS may not have possession of some of the requested records because WAVES records, for periods prior to October 2004, were transferred by USSS to the White House on CD-ROM and a copy was not retained by the USSS on CD-Rom.  However, some

WAVES data downloaded from the USSS's server to two computers' hard drives remain on the hard drives, including some pre-October 2004 data. *See* Declaration of Kathy J. Lyerly, Special Agent in Charge, Liaison Division and Freedom of Information and Privacy Acts Officer, USSS, May 16, 2006, and Second Declaration of Kathy J. Lyerly, July 7, 2006, filed in *Judicial Watch Inc., supra*.

With respect to plaintiffs' FOIA claims, DHS's anticipated defenses include: (1) the records sought are not "agency records;" and (2) to the extent that they are "agency records," the records sought are exempt under FOIA. DHS has a pending motion to dismiss CREW's Claim Four under the FRA. On July 27, CREW filed a motion for leave to amend Claim Four. Accordingly, DHS is not in a position to articulate its defenses to CREW's proposed Claim Four at this time except to say that DHS disputes CREW's statement above that DHS has a "policy" "to erase federal records."

2. Defendant DHS has moved to dismiss Claim Four of CREW's First Amended Complaint for failure to state a claim upon which relief can be granted. CREW does not oppose that motion. CREW has filed an unopposed motion for leave to file a Second Amended Complaint.

DNC does not oppose the motion of defendant DHS to dismiss Claim Four of CREW's amended complaint. DNC does not oppose CREW's motion for leave to file a Second Amended Complaint. DNC anticipates filing a motion for partial summary judgment, seeking disclosure by USSS of those documents which are in its possession, relating to the specified individuals other than Mr. Abramoff.

3. As discussed above, CREW's unopposed motion for leave to file a Second Amended

Complaint is pending.  CREW may seek to amend its pleadings further pending the outcome of discovery on its FRA claim.

 4.  The parties do not agree to have the cases assigned to a Magistrate Judge for all purposes, including trial.

 5.  Plaintiff CREW is not currently in a position to ascertain whether there is a realistic possibility of settling the case because it does not yet have sufficient information regarding the government's claims and defenses.  For example, while DHS has alluded in its pleadings to a common defense under the FOIA that the records both plaintiffs seek are not subject to that Act, CREW has no understanding of the legal and factual underpinnings to this defense.  And with respect to CREW's claim under the FRA, CREW does not yet know how widespread DHS's policy of document destruction is, the extent to which DHS has unlawfully destroyed other federal records, and the role of the White House in the formulation and implementation of DHS's unlawful document destruction policy.  Without this information, CREW could not meaningfully evaluate the appropriateness of any settlement offer by the government.  Accordingly, CREW believes that any consideration of settlement discussions, particularly pertaining to CREW's FRA claim, should be postponed pending some targeted discovery.

 DNC is not in a position to determine at this time whether there is a realistic possibility of settling the case due to lack of sufficient information.  In particular, the DNC would need to understand (I) the Government's legal position as to whether the requested records that *are* in the possession of USSS and have not been produced to the DNC are subject to FOIA; (ii) the circumstances surrounding the transfer of requested records by USSS to the White House and the destruction of requested

records by USSS; and (iii) the specific White House units to which the USSS transferred the requested records.  If the Government is prepared to disclose its legal position on (I) and in addition, disclose or permit discovery to allow the DNC to obtain the information identified in (ii) and (iii), and the Government is prepared to discuss the appropriate disposition of all the requested documents, then the DNC would certainly be prepared to enter into settlement discussions or ADR.

      DHS believes that there is a realistic possibility of settlement.  As stated below, DHS would oppose the discovery contemplated by the plaintiffs as unnecessary or counterproductive, but is open to the possibility that the parties may exchange information informally in advance of or through the course of mediation to facilitate settlement of these matters.  DHS notes that some information relevant to that which plaintiffs seek has already been disclosed in briefs and/or declarations filed in the course of proceedings in *Judicial Watch Inc., supra*.  DHS requests that the Court refer these matters to the Court's mediation program for appointment of a mediator.  As stated above, DHS disputes CREW's statements above that it acted unlawfully.

      6. CREW believes that it is premature to determine whether the case can benefit from the Court's alternative dispute resolution procedures or some other form of alternative dispute resolution given that there has not yet been any discussion between the parties about settlement.  CREW submits that referral to the Court's alternative dispute resolution procedures should be postponed to give the parties an opportunity to settle this matter on their own.

      DNC reiterates its response to number 5 above.  The DNC believes that referral to the Court to ADR should be postponed to give the parties an opportunity to meet, on their own, within a time certain, to discuss the possible basis and framework for settlement discussions–i.e.,

what issues will be on the table in such discussions. If the parties conclude that settlement discussions are fruitful, they should be given the opportunity to attempt to settle the matter on their own.

As noted above, DHS believes that there is a realistic possibility of settlement. DHS requests that the Court refer these matters to the Court's mediation program for appointment of a mediator.

7. While plaintiff CREW agrees that the cases are likely to be resolved on summary judgment, CREW submits that it is premature to set a briefing schedule on the FRA claim pending the outcome of discovery. CREW has no objection to establishing a briefing schedule on the FOIA count and presumes that DHS, as the party with the burden of proof, will file the first brief. CREW anticipates it would need two weeks from the government's filing to file an opposition and cross-motion, if appropriate.

DNC believes that, if the case is not settled by the parties, the case can be resolved on cross-motions for summary judgment. DNC is prepared to agree to a schedule that permits the parties a definite time to attempt to settle the case prior to having the other parties respond to DNC's motion for partial summary judgment. DNC would propose allowing two (2) weeks for the parties to settle the case voluntarily; then allowing an additional two weeks for the other parties to respond to DNC's motion for partial summary judgment and file cross-motions if desired; then allowing an additional week for oppositions/replies.

DHS requests a stay of proceedings to allow the parties to pursue mediation. If these matters are not resolved through mediation, or otherwise settled, it is DHS's position that the matters can be resolved through dispositive motions.

8. Plaintiff CREW submits that if the government were to agree to provide certain information on the FRA claim, including names and addresses of witnesses and relevant documents, that would materially advance the case for purposes of settlement discussions. CREW agrees that the parties should dispense with the initial disclosure requirements for the FOIA claims.

DNC believes that expeditious resolution of the case would be promoted by voluntary disclosure by the Government of the number and location of all of the documents requested by the DNC that the USSS transferred to the White House, copies of which were destroyed by USSS.

DHS does not believe that initial disclosures should be required, but is open to the possibility that the parties may exchange information informally in advance of or through the course of mediation.

9. CREW contemplates that with respect to its claim under the FRA it will take some limited number of depositions, not to exceed five, that it will serve no more than two sets of interrogatories or requests for admission, each set of interrogatories not exceeding 25, and anticipates it could complete discovery within 90 days. CREW does not anticipate initiating any discovery on its FOIA claims.

In the event that the Government is not prepared to disclose voluntarily–in the context of preliminary settlement discussions–the number and location of documents requested by the DNC, in particular, what agencies or units of the White House have possession, custody or control of requested documents that were transferred to the White House by USSS and copies of which were then destroyed by USSS, then, in these extraordinary circumstances, DNC intends to

serve interrogatories on DHS to determine the number of requested documents and the unit or agency which has possession, custody and/or control of those documents. No discovery is necessary or appropriate as to the FOIA claim for documents which are in the possession of USSS.

DHS does not believe that any discovery is appropriate with respect to plaintiffs' FOIA claims. As stated above DHS has not had adequate opportunity to review CREW's proposed amended Claim Four. It is DHS's position that any discovery should be stayed to allow the parties to pursue mediation and settlement of these matters. While DHS opposes any formal discovery, DHS is open to the possibility that the parties may exchange information informally within the framework of settlement negotiations. As stated above, DHS notes that some information relevant to that which plaintiffs seek has already been disclosed in briefs and/or declarations filed in the course of proceedings in *Judicial Watch Inc., supra*.

10. The parties do not anticipate the need for the exchange of expert witness information or taking depositions or discovery of experts.

11. CREW submits that its FOIA claims should be bifurcated from its FRA claims. CREW proposes that the Court set a briefing schedule on the merits of CREW's FOIA claims, and that it set a separate schedule for discovery and briefing on CREW's FRA claim. As the government has acknowledged in its motion to consolidate, the two claims can appropriately proceed on separate tracks.

DHS agrees that it may be appropriate for the plaintiffs' FOIA claims to proceed on a separate track from CREW's FRA claim.

The DNC takes no position on bifurcation at this time.

12-13. Because the parties anticipate that this matter can be resolved by dispositive motions, they do not believe a pretrial conference or trial date are necessary.

Respectfully submitted,

/s/
Anne L. Weismann
(D.C. Bar. No. 298190)
Sharon Y. Eubanks
(D.C. Bar No. 420147)
Citizens for Responsibility and Ethics
    In Washington
1400 Eye Street, N.W. Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Attorneys for Plaintiff CREW


/s/
Joseph E. Sandler
(D.C. Bar 255919)
Sandler, Reiff & Young, P.C.
50 E Street, S.E.
Washington, D.C. 20003
Phone: (202) 479-1111
Attorney for Plaintiff DNC


/s/
Justin M. Sandberg
Sara Clash-Drexler
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. #7224

                                        Washington, D.C. 20044
                                        Phone: (202) 514-3489
                                        Attorneys for Defendant DHS

Dated: August 1, 2006