UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-0842 (JGP) |
| UNITED STATES SECRET SERVICE, | : | |
| Defendant. | : | |
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-0083 (JGP) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| Defendant. | : | |

**SECOND AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, and agency FOIA regulations, challenging the failure of the United States Secret Service ("Secret Service"), a component of the U.S. Department of Homeland Security ("DHS"), to fulfill the request of Plaintiff for documents relating to any visits that specified individuals made to the White House or the residence of the Vice President between January 1, 2001, and the present. This action is also brought under the Federal Records Act ("FRA"), 44 U.S.C. §§3301 et seq., which includes the Disposal of Records Act, 44 U.S.C. §§3301-3314, and the Administrative Procedure Act, 5 U.S.C. §706, challenging the policy of the Secret Service to

erase federal records, including Worker and Visitor Entry System ("WAVES") records, from its computer system once it has transferred the information on those records to the White House.

    2.  This case seeks declaratory relief that Defendant is in violation of the FOIA for failing to fulfill Plaintiff's request for records and for failing to act on and grant Plaintiff's request for expedition, and injunctive relief that Defendant immediately and fully comply with Plaintiff's requests under the FOIA.  Plaintiff also seeks declaratory relief that Defendant's policy of destroying WAVES records without complying with the requirements of the FRA is arbitrary, capricious, and contrary to law, and injunctive relief that Defendant immediately take all necessary steps to cease destruction of WAVES records and to secure the return of the WAVES records it provided to the White House.

## JURISDICTION AND VENUE

    3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §552(a)(4)(B) and 5 U.S.C. §702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FRA.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331.  Venue lies in this district under 5 U.S.C. §552(a)(4)(B) and 5 U.S.C. §703.

## PARTIES

    4.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code.  CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials.  CREW is dedicated to

empowering citizens to have an influential voice in government decisions and in the governmental decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. As part of its research, CREW uses government records made available to it under the FOIA.

5. CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously. CREW monitors closely the laws and rules applicable to government agencies.

6. CREW is harmed by DHS's failure to comply with the FOIA, because that failure harms CREW's ability to provide full, accurate, and current information to the public. 5 U.S.C. §552(a)(6)(C).

7. CREW is also harmed by DHS's failure to comply with the FRA, because that failure has denied CREW access to WAVES records that are a critical part of the evidentiary record concerning the activities of convicted felon Jack Abramoff, information that is "in the public interest." 44 U.S.C. §3303(a)(c)(3); *see also* American Friends Service Comm. v. Webster, 720 F.2d 29 (D.C. Cir. 1983).

8. Defendant DHS is an agency within the meaning of 5 U.S.C. §552(f) and 5 U.S.C. §702. DHS and its component, the Secret Service, have possession and control of the requested records, with the exception of requested WAVES records that DHS has destroyed, and are responsible for fulfilling Plaintiff's FOIA request. DHS and its component the Secret Service have adopted a record-keeping policy that has resulted in the destruction of the federal records in question and are responsible for the harm done to CREW's ability to obtain and make public those records. *See* 44 U.S.C. §§ 3301, et seq.; 5 U.S.C. §702.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

9. The FOIA, 5 U.S.C. §552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. §552(a)(6)(A)(i).

11. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. §552(a)(6)(A)(ii).

12. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. §552(a)(6)(B).

13. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

14. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the Court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. §552(a)(4)(F).

15. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester has demonstrated a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. §552(a)(6)(E)(i). The statute defines "compelling need" as including requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." Id. at §552(a)(6)(E)(v)(III).

16. Defendant DHS's regulations mirror these requirements by providing for expedition upon a showing of "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 6 CFR §5.5(d)(1)(ii). The regulations provide further that if the requester is "not a full-time member of the news media," the requester "must establish that he or she is a person whose main professional activity or occupation is information dissemination, though it need not be his or her sole occupation." 6 CFR §5.5(d)(3).

17. Agencies are required to make a determination on a request for expedition within 10 days "after the date of the request," 5 U.S.C. §552(a)(6)(E)(ii)(I), and to give "expeditious consideration" to administrative appeals of such determinations. Id. at §552(a)(6)(E)(ii)(II). DHS regulations also require the Defendant to act on appeals of denials of expedition "expeditiously." 6 CFR §5.5(d)(4).

18. Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the records before the agency at the time of the determination." 5 U.S.C. §552(a)(6)(E)(iii).

## The Federal Records Act

19. The FRA is a collection of statutes that governs the creation, management and disposal of federal records. *See generally* 44 U.S.C. §§2101 et seq., 2901 et seq., 3010 et seq., and 3301 et seq. Among other things, the FRA ensures "[a]ccurate and complete documentation of the policies and transactions of the Federal Government," as well as "judicious preservation and disposal of records." 44 U.S.C. §2902.

20. To fulfill this purpose, the FRA requires the head of each agency to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency." Id. at §3101. Under the statute, each agency must also "establish and maintain an active, continuing program for the economical and efficient management of the records of the agency," id. at §3102, and must "establish safeguards against the removal or loss of records" the agency head determines are necessary and required by regulations of the Archivist. Id. at §3105.

21. The FRA also prescribes the exclusive mechanism for disposal of federal records, which it defines to include:

> all books, papers, maps, photographs, machine readable materials, regardless of physical form or characteristics, made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency . . . as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of data in them.

44 U.S.C. §3301. No records may be "alienated or destroyed" except pursuant to the disposal provisions of the FRA. Id. at §3314.

22. The Archivist administers the provisions of the FRA, and may authorize an agency to dispose of records that the agency no longer needs and that do not have "sufficient administrative,

6

legal, research, or other value to warrant their continued preservation by the Government." 44 U.S.C. §3303a(a). Only if the Archivist determines that agency records do not have administrative, legal, research, or other value can the Archivist authorize their disposal. Id. at §§ 3303a(a), (d), and (e).

23. An agency wishing to dispose of records must first submit to the Archivist either lists of records the agency head determines "are not needed by it in the transaction of its current business," 44 U.S.C. §3303a(2), or "schedules proposing the disposal after the lapse of specified periods of time of records of a specified form or character" that the agency head determines will not have "sufficient administrative, legal, research, or other value to warrant their further preservation by the Government." Id. at §3303a(3). Upon receipt of such a request, the Archivist must issue a notice requesting public comment on the agency's proposal and the Archivist's staff must conduct its own assessment of the value of the records the agency is proposing to destroy. Id. at §3303a(a). The Archivist is free to accept or reject an agency's proposal. Id.

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF**

24. On February 2, 2006, Plaintiff sent a FOIA request to Defendant seeking records, regardless of format and including electronic records and information, relating to any visit that any of the following individual made to the White House or the residence of the Vice President from January 1, 2001, to the present:

> Jack Abramoff
> Michael Scanlon
> Neil Volz
> Tony Rudy
> Shawn Vassell
> Kevin Ring
> Edwin Buckham
> Patrick Pizzella
7

Letter from Anne L. Weismann to United States Secret Service, Freedom of Information and Privacy Acts Branch, February 2, 2006 (attached as Exhibit A).

 25. CREW also requested expedition of its FOIA request pursuant to 5 U.S.C. §552(a)(6)(E)(i) and DHS regulations, 6 CFR §5.5(d). Id. As CREW explained,

> [t]here is a particular urgency in informing the public about whether the President, the Vice President, and/or their staff met with Jack Abramoff and the other individuals associated with Mr. Abramoff and to whom this FOIA request pertains. There has been endless speculation in countless media reports about what relationship Mr. Abramoff and his associates had with the White House and, specifically, the President. The public has a need to know whether and when meetings between them took place to evaluate the nature of this association and how it may have influenced the President and his staff in the exercise of his authority.

Id. CREW also established that, "as a non-profit corporation engaged primarily in disseminating information it gathers from a variety of sources, including the Freedom of Information Act," CREW satisfies the criteria for expedition. Id. As CREW explained, "CREW 'gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience.'" Id., American Civil Liberties Union v. U.S. Dep't of Justice, 321 F.Supp.2d 24, 30 n.5 (internal quotations omitted).

 26. CREW also sought a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures, and the request is primarily and fundamentally for non-commercial purposes. *See* Exhibit A.

 27. To date, CREW has received no response to this request, with the exception of a letter dated March 1, 2006, in which the Secret Service acknowledged receipt of CREW's request and noted that "[a] search for files responsive to your request is being conducted," Letter from Kathy

J. Lyerly, Special Agent in Charge to Anne L. Weismann, March 1, 2006 (attached as Exhibit B), and a fax from the Secret Service forwarding to CREW records that the Secret Service had released on that date to Judicial Watch (attached as Exhibit C).

28. The statutory time for the Secret Service to respond to Plaintiff's February 2, 2006 FOIA request has run out and Plaintiff has constructively exhausted its administrative remedies with respect to its request for expedition and with the processing of CREW's FOIA request. 5 U.S.C. §552(a)(6)(C); Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 65 (D.C. Cir. 1990).

29. On May 16, 2006, the Secret Service filed a motion to dismiss for lack of subject matter jurisdiction in Judicial Watch v. U.S. Secret Service, (D.D.C. Civil No. 06-310 (JGP)), ("Secret Service Mem.") (attached as Exhibit D), another FOIA lawsuit challenging the failure of the Secret Service to produce records in response to plaintiff Judicial Watch's request for all records that reflect the entries and exits of lobbyist Jack Abramoff to and from the White House. As part of its motion, the Secret Service submitted the declaration of Kathy J. Lyerly ("Lyerly Decl."), the Special Agent in Charge of the Liaison Division and the Freedom of Information and Privacy Acts Office for the Secret Service.

30. Ms. Lyerly attested to the "longstanding practice of the Secret Service to transfer WAVES records on CD-ROM to the White House every 30 to 60 days." Lyerly Decl., ¶10. Ms. Lyerly did not explain what she means by "longstanding practice." Based on prior litigating experience of CREW's counsel representing the Secret Service in litigation involving WAVES records, CREW submits that this practice postdates January 21, 2001, when the Bush administration came to power.

31. Ms. Lyerly also stated that "once the Secret Service transferred the WAVES records,

the Secret Service ensured that those records were erased from its computer system." Id. According to Ms. Lyerly, beginning in October 2004, "at the request of the National Archives and Records Administration, the Secret Service began temporarily retaining its own copy of the WAVES records that it transferred to the White House. As such, the Secret Service has in its possession WAVES records dating back only to October 2004." Id., ¶11.

32. Based on Ms. Lyerly's declaration, the Secret Service argued in its motion that its failure to produce any WAVES records of Mr. Abramoff's White House visits prior to October 2004 "is not surprising because defendant does not possess WAVES records for the time period in which those visits took place." Secret Service Mem. at 6. In other words, the Secret Service no longer possesses WAVES records requested by Judicial Watch and Plaintiff CREW in its FOIA request of February 2, 2006, because the Secret Service destroyed those records once they sent copies to the White House.

### PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

**(Failure to Produce Records Under the FOIA)**

33. Plaintiff realleges and incorporates by reference all preceding paragraphs.

34. Plaintiff properly asked for records within the custody and control of DHS.

35. Plaintiff is entitled by law to access to the records requested under the FOIA, unless Defendant makes an explicit and justified statutory exemption claim.

36. Therefore, Defendant violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested. 5 U.S.C. §§552(a)(3)(A), 55(a)(4)(B)

## CLAIM TWO

### (Failure to Respond Under the FOIA)

37. Plaintiff realleges and incorporates by reference all preceding paragraphs.

38. On February 2, 2006, Plaintiff properly filed a FOIA request with DHS.

39. To date, Plaintiff has not received a substantive response directly from DHS, and DHS has exceeded the 20-working-day statutory time limit for such a response. 5 U.S.C. §552(a)(6)(A)(i).

40. Therefore, DHS has violated the FOIA's mandate to respond to Plaintiff's FOIA request within the statutory time period.

## CLAIM THREE

### (Failure to Expedite Under the FOIA)

41. Plaintiff realleges and incorporates by reference all preceding paragraphs.

42. Plaintiff has demonstrated that it is entitled to expedition of its FOIA request because there is a compelling need for the requested information and because plaintiff is engaged primarily in disseminating information, as contemplated by DHS's regulations, 6 CFR §5.5(d).

43. Therefore, DHS violated FOIA's mandate to expedite Plaintiff's FOIA request and DHS's own regulations when it failed to act on and grant Plaintiff's request for expedition. 5 U.S.C. §552(a)(6)(E); 6 CFR §5.5(d).

## CLAIM FOUR

### (Policy to Destroy Records Subject to the FRA)

44. Plaintiff realleges and incorporates by reference all preceding paragraphs.

45. The WAVES records that the Secret Service creates and maintains are records within

the meaning of the Federal Records Act, 44 U.S.C. §3314. Accordingly, any agency policy that permits or authorizes disposal of these records must conform to the requirements of the FRA.

46. The policy of the Secret Service and the DHS to erase from its computer all WAVES records once the information in those records has been transferred to the White House is arbitrary, capricious, and contrary to law, because it permits the disposal of records that have not been subject to a disposition schedule that has been subject to public comment and approved by the Archivist, based on the Archivist's finding that the WAVES records do not have administrative, legal, research, or other value. Id. §§ 3303a(a), (d), and (e).

47. As a result of Defendant's unlawful policy in violation of the FRA, Plaintiff was denied a right of access to information in the public interest, including an important part of the historical record concerning the relationship between the White House and convicted felon Jack Abramoff.

48. As a result of Defendant's unlawful policy, Plaintiff was denied its right to notice and the opportunity to comment on the proposed destruction of agency records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that DHS has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request of February 2, 2006;

(2) Order DHS to respond to Plaintiff's FOIA request immediately;

(3) Declare that DHS violated the Freedom of Information Act and agency regulations when it failed to act on and grant Plaintiff's request for expedition;

(4) Order DHS to expedite immediately its processing of Plaintiff's request;

(5) Declare that DHS's policy of destroying WAVES records is arbitrary, capricious, and contrary to law;

(6) Enjoin DHS from destroying any WAVES records;

(7) Order DHS to take all necessary steps to retrieve from the White House copies of all WAVES records that it forwarded to the White House but failed to maintain within the Secret Service;

(8) Award Plaintiff reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. §552(a)(4)(E); and

(10) Grant such other and further relief as the Court may deem just and proper.

                                                    Respectfully submitted,

                                                    \_\_\_/s/_____  
                                                    Anne L. Weismann  
                                                    (D.C. Bar No. 298190)  
                                                    Melanie Sloan  
                                                    (D.C. Bar No. 434584)  
                                                    Citizens for Responsibility and Ethics  
                                                     in Washington  
                                                    1400 Eye Street, N.W., Suite 450  
                                                    Washington, D.C.  20005  
                                                    Phone: (202) 408-5565  
                                                    Fax: (202) 588-5020

                                                    Attorneys for Plaintiff

Dated: July 27, 2006