**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-0842 (JGP) |
| UNITED STATES SECRET SERVICE, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-0883 (JGP) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| Defendant. | : | |

**PLAINTIFF'S SECOND NOTICE REGARDING SUPPLEMENTAL AUTHORITY**

Plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW"), hereby respectfully submits this notice of supplemental authority. The authority that CREW seeks to bring to the attention of the Court through this notice, was, despite due diligence, not available to CREW at the time it filed responsive briefs to defendant's motions to dismiss. Moreover, as we demonstrate here, this authority is material to issues pending before this Court, and it is particularly relevant to the discovery issues that CREW has previously addressed.

CREW recently learned, through court documents filed in The Washington Post v. U.S.

Department of Homeland Security (D.D.C. Civil Action No. 06-1737), that on May 17, 2006, just seven days following the filing of CREW's complaint in the instant case, the United States Secret Service and the White House Office of Records Management entered into a memorandum of understanding ("MOU"), memorializing an agreement purporting to govern the status and handling of records generated through the White House Access Control System.  This agreement addresses the handling of WAVES records and ACR records, and it expressly references the involvement of the National Archives and Records Administration ("NARA") insofar as document retention and destruction issues are concerned.  This MOU purports to place WAVES records and ACR records beyond the reach of FOIA, yet defendant never disclosed its full content or even its existence to the Court.

Such a lack of candor is indicative of defendant's bad faith.  CREW has raised in its briefing issues of the lack of good faith of the government, and the nondisclosure of this MOU is direct evidence sufficient to overcome the presumption of good faith ordinarily given government officials.  The government's lack of disclosure in this regard particularly underscores the need for CREW to obtain the limited discovery that it has sought.  The MOU involves both non-party government entities from which CREW is seeking discovery, the White House Office of Records Management and NARA, and the MOU itself is executed by the Director of the White House Office of Records Management and the Secret Service Chief Records office.

In light of the terms of this newly submitted MOU, CREW also has heightened concerns that the "temporary practice" of document retention referenced in the MOU suggests that defendant does not recognize that it has an existing legal obligation – notwithstanding the

existence of any MOU – to preserve records that have been requested under the Freedom of Information Act. Indeed, given the terms of the MOU, without discovery, CREW has no way of knowing whether records may be transferred to the White House and placed outside of FOIA during the pendency of this suit.

     CREW also advises the Court of its attempts to gather needed information through other methods. On September 27, 2006, CREW filed a FOIA request with NARA for documents related to the handling of Secret Service visitor records, and in particular, for communications on the subject between NARA and the Secret Service; CREW requested expedited processing. NARA granted the request for expedited processing and responded to CREW's FOIA request on October 24, 2006. On October 25, 2006, CREW appealed NARA's determination. Copies of these documents and the MOU are attached as exhibits to this submission.

     CREW respectfully requests that the Court consider the attached materials when ruling upon the pending motions and, particularly, CREW's request for limited discovery.

Respectfully submitted,

_____
Anne L. Weismann
(D.C. Bar No. 298190
Sharon Y. Eubanks
(D.C. Bar No. 420147
Citizens for Responsibility and Ethics
  In Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Attorneys for Plaintiff

Dated: October 26, 2006