**EXHIBIT 2**

# CREW | citizens for responsibility and ethics in washington

September 27, 2006

FOIA Officer
National Archives and Records Administration
NGC-Room 3110
8601 Adelphi Road
College Park, MD 20740

By FAX to 301 837- 0293

Re: <u>FOIA Request</u>

Dear Sir/Madam:

      Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes, and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

      Specifically, CREW seeks any and all documents and records from any office within the National Archives and Records Administration, including its Office of General Counsel, its field offices, or regional offices described in the following categories:

1. Any and all documents related to the request made by the National Archives and Records Administration ("NARA"), to the United States Secret Service, that the Secret Service retain its own copies of the Worker and Visitor Entrance System ("WAVES") records that it transferred to the White House.[1]

2. Any and all communications both internally and between the National Archives and Records Administration and any other government agency or government entity, referencing the practice of the United States Secret Service to erase copies of WAVES records that it transferred to the White House.

3. Any and all documents referring or relating to a practice by the Secret Service of deleting records from its computer system.

4. Any and all documents and records referring or relating to <u>Judicial Watch v. United</u>

---

[1] In order to assist you in processing this request, for your convenience and to place this request in context, attached is a copy of the declaration of Kathy J. Lyerly. Paragraph 11 of that declaration refers to a request made by NARA. This FOIA request is, of course, not limited to the material described in that declaration; however, the material described certainly is a part of this request.

States Secret Service, Civ. Action No. 06-310 (United States District Court for the District of Columbia).

5. Any and all documents and records referring or relating to Democratic National Committee v. United States Secret Service, Civ. Action No. 06-842 (United States District Court for the District of Columbia).

6. Any and all documents and records referring or relating to Citizens for Responsibility and Ethics In Washington v. United States Department of Homeland Security, Civ. Action No. 06-883 (United States District Court for the District of Columbia).

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including electronic records, audiotapes, videotapes, photographs, and back-up tapes. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts and notes of any such meetings and/or discussions to the extent they relate to the categories of requested documents.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 959 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after-information." King v. United States Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224, citing Mead Data Central v. United States Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. §552(b) ("Any reasonably segregable portion of a records shall be provided to any person requesting such record after deletion of the portions which are exempt ..."); see also Schiller v. Nat'l Labor Relations Bd., 964 F.2d 1205, 1209 (D.C. Cir. 1992). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible,

please state what portion of the document is non-exempt and how the material is dispersed throughout the documents. Mead Data Central, 566 F.2d at 261. Claims of non-segregability must be made with the same degree of detail as required for claims of exemption in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

### Fee Waiver Request

In accordance with 5 U.S.C. §552(a)(4)(A)(iii) and agency regulations, CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the record retention operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding, and inform the public, concerning the recordkeeping practices of the Secret Service as they relate to White House visitor logs.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the right of citizens to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memoranda, reports or press releases. CREW has an established record of carrying out these types of activities, as evidenced through its website, www.citizensforethics.org. Currently, the CREW website contains links to thousands of pages of documents acquired from FOIA requests. See http://citizensforethics.org/activities/foia.php. Visitors to CREW's website can peruse the FOIA request letters, the responses from government agencies, and a growing number of documents responding to FOIA requests. CREW's virtual reading room provides around-the-clock access to anyone willing to learn about the government activities that were the focus of CREW's FOIA requests. The CREW website also includes documents relating to CREW's FOIA litigation, Internal Revenue Service complaints, and Federal Election Commission complaints.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

### Expedited Processing Request and Certification

CREW requests that this FOIA request be processed on an expedited basis. The subject matter of the request is of widespread and exceptional media interest, as is demonstrated in the following recent articles: Sharon Theimer, Associated Press, White House Logs Don't Show All the Visits by 2 GOP activists, September 22, 2006; John Solomon, Associated Press, Papers

<u>Show Bush Allies' Inside Access</u>, September 21, 2006; Michael Forsythe and Catherine Dodge, Bloomberg News, <u>Lobbyist Access to White House Revealed in Secret Service Logs</u>, September 21, 2006.

The information sought through this FOIA request involves possible questions about the government's integrity that may affect public confidence. The Secret Service, which is a component of the Department of Homeland Security, has indicated that it intentionally destroys WAVES records of visitors to the White House after it makes copies of those records for the White House. The National Archives and Records Administration is responsible for establishing policies and procedures for maintaining United States Government records, and it assists federal agencies in records management matters. According to declarations submitted in litigation, the Secret Service has stated that NARA was aware of the Secret Service practice of document destruction regarding its WAVES records. Expedited processing of this request will allow facts surrounding these important record retention policies to come to light.

By my signature affixed to this letter, I hereby certify that the foregoing statements contained in the preceding paragraph are true and correct to the best of my knowledge.

### Conclusion

Please respond to this request in writing on an expedited basis, but in any event, no later than within 20 days as requested under 5 U.S.C. §552(a)(6)(A)(I). If all of the requested documents are not available within that time period, CREW requests that you provide it with all requested documents or portions of documents that are available within that time period.

If you have any questions about this request or foresee problems in releasing fully the requested records, please call me as soon as possible. I can be reached at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact me immediately upon making such a determination. Please send the requested documents to Sharon Y. Eubanks, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Thank you for your attention to this matter.

Sincerely,

Sharon Y. Eubanks
Senior Counsel
Citizens for Responsibility and Ethics in Washington

Enclosure: Declaration of Kathy J. Lyerly, U.S. Secret Service

**ENCLOSURE**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-310 (JGP) |
| ) | |
| UNITED STATES SECRET SERVICE, ) | |
| ) | |
| Defendant. ) | |

DECLARATION OF KATHY J. LYERLY
SPECIAL AGENT IN CHARGE, LIAISON DIVISION AND
FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICER,
UNITED STATES SECRET SERVICE

I, Kathy J. Lyerly, hereby make the following declaration:

1.  I am the Special Agent in Charge of the Liaison Division and the Freedom of Information and Privacy Acts (FOI/PA) Officer for the United States Secret Service (hereinafter Secret Service), which is a component of the Department of Homeland Security (DHS). I have been the Secret Service FOI/PA Officer since December 28, 2003, and have been employed with the Secret Service as a Special Agent (GS-1811) since October 26, 1987.

2.  DHS regulations, Title 6, Code of Federal Regulations, Section 5.4, and Appendix A, II(I)(3), vest authority in the FOI/PA Officer, Secret Service, to make initial determinations as to whether to grant Freedom of Information Act (FOIA), 5 U.S.C. § 552, requests for Secret Service records (68 FR 4056, 4058, and 4069).

3.  As the Secret Service's FOI/PA Officer, I am familiar with plaintiff's FOIA

request to the Secret Service. Under my direction, the Secret Service conducted a search for documents responsive to plaintiff's request. That search produced two records, both of which were released in full without redactions or claims of exemptions. A chronological description of the correspondence in this matter and the processing of plaintiff's FOIA request is set forth below.

4. By letter to the Secret Service dated January 20, 2006, and received January 23, 2006, plaintiff submitted a FOIA request for records "concerning, relating to, or reflecting . . . [a]ll White House visitor logs from January 1, 2001 to present that reflect the entries and exit(s) of lobbyist Jack Abramoff from the White House."

5. By letter dated February 2, 2006, I acknowledged receipt of plaintiff's FOIA request and advised plaintiff that a search for records responsive to the request was being conducted.

6. There are two interrelated systems – collectively termed the White House Access Control System – for controlling and monitoring access to the White House Complex: the Worker and Visitor Entrance System ("WAVES") and the Access Control Records System ("ACR").

7. ACR records consist of records generated when a pass holder, worker, or visitor swipes his or her permanent or temporary pass over one of the electronic pass readers located at entrances to and exits from the White House Complex. ACR records include information such as the pass holder's name and badge number, the time and date of the swipe, and the post at which the swipe was recorded.

8. WAVES records consist of records generated when information is submitted to

2

the Secret Service about workers and visitors whose business requires their presence at the White House Complex. WAVES records include information additional to that in the ACR records.

9. In response to plaintiff's request, the FOI/PA Office conducted a search for responsive information. This search was conducted under the direction of the Secret Service's Presidential Protective Division by personnel who conduct FOIA searches as part of their regular responsibilities. The Secret Service searched both the ACR records and the WAVES records for any and all records responsive to plaintiff's FOIA request.

10. It has been the longstanding practice of the Secret Service to transfer WAVES records on CD-ROM to the White House every 30 to 60 days. Except as noted in paragraph 11 below, once the Secret Service transferred the WAVES records, the Secret Service ensured that those records were erased from its computer system.

11. In October 2004, at the request of the National Archives and Records Administration, the Secret Service began temporarily retaining its own copy of the WAVES records that it transferred to the White House. As such, the Secret Service has in its possession WAVES records dating back only to October 2004.

12. ACR records are stored in a searchable database. Records are searchable by visitor name. In this case, the Secret Service searched the ACR database by searching for records generated from January 1, 2001 to the date of the search that had the name "Jack Abramoff" in the visitor field. The Secret Service does not keep ACR records anywhere other than in this searchable database.

13. WAVES records are stored in a searchable form on CD-ROMs. Records are

3

searchable by visitor name. In this case, the Secret Service explored the WAVES CD-ROMs by searching for records generated from October 2004 to the date of the search that had the name "Abramoff" in the visitor field. As noted in paragraph 11, the Secret Service only has in its possession WAVES records dating from October 2004.

14. The Secret Service's search of the ACR records produced two pages of records responsive to plaintiff's FOIA request. These records show that Mr. Abramoff visited the White House Complex on March 6, 2001 and January 20, 2004. The two pages of ACR records responsive to plaintiff's FOIA request have slightly different formats because the ACR system changed somewhat between 2001 and 2004.

15. The Secret Service's search of the WAVES records maintained by the Secret Service produced no WAVES records responsive to plaintiff's FOIA request.

16. There are a variety of reasons why ACR records are not comprehensive as to entries and exits. For example, guests who visit the complex in a prearranged group for an official function or reception may not appear on the ACR records. In some of those instances visitors are granted entry without going through the turnstiles.

17. No other documents responsive to plaintiff's FOIA request were found in the search.

18. No document located in response to plaintiff's request has been withheld in part or in whole.

19. Pursuant to the terms of a joint stipulation and agreed order, on May 10, 2006, defendant produced, without redactions or claims of exemptions, all documents located in response to plaintiff's January 20, 2006 FOIA request.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct to the best of my knowledge and belief.

___5/16/06___
Date

___Kathy J. Lyerly___
Kathy J. Lyerly
Special Agent in Charge, Liaison Division and
Freedom of Information and Privacy Acts Officer
United States Secret Service