UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-883 (JGP) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) | |
| Defendant. | ) ) | |

## RESPONSE TO PLAINTIFF'S SECOND NOTICE REGARDING SUPPLEMENTAL AUTHORITY

Citizens for Responsibility and Ethics in Washington's ("CREW's") Second Notice Regarding Supplemental Authority, which is not really a notice of supplemental authority at all, contains an unwarranted, and procedurally barred, allegation of bad faith. See Pl. Second Notice, Oct. 26, 2006. CREW argues that the Department of Homeland Security ("DHS") acted in bad faith by not introducing into this case a memorandum of understanding ("MOU") between the Secret Service and the White House Office of Records Management. Id. at 2-3. The MOU – which confirms the agreement between the Secret Service and the Office of Records Management that Worker and Visitor Entrance System ("WAVES") and Access Control Records System ("ACR") records are governed by the Presidential Records Act ("PRA"), 44 U.S.C. § 2201 et seq., and thus supports defendant's argument that the records at issue in this case are not

1

agency records under the Freedom of Information Act ("FOIA")[1] – is irrelevant to this case because DHS chose not to rely on it. Rather, DHS released to CREW all of the records that CREW could hope to receive if it were to prevail on its FOIA claims. See Defendant's Motion to Dismiss Plaintiff's FOIA Claims ("Motion to Dismiss"), September 21, 2006. In any event, CREW's argument is procedurally barred. CREW's so-called notice of supplemental authority contains several pages of substantive briefing on the merits and so is, in fact, a supplemental brief. See Pl. Second Notice. Because CREW filed this brief after the completion of briefing and without leave of the Court, it is unauthorized and should be ignored.[2]

Dated: November 1, 2006                             Respectfully submitted,

                                                    PETER D. KEISLER
                                                    Assistant Attorney General

                                                    KENNETH L. WAINSTEIN
                                                    United States Attorney

                                                    CARL J. NICHOLS
                                                    Deputy Assistant Attorney General

---

[1] A record cannot simultaneously be governed by the PRA and the FOIA. 44 U.S.C. § 2201(2)(B)(i); see Armstrong v. Executive Office of the President, 1 F.3d 1274, 1293 (D.C. Cir. 1993).

[2] CREW argues that DHS's alleged bad faith supports its request for discovery. Pl. Second Notice at 3. The Court should reject this argument because (in addition to the difficulties with it that are detailed above) CREW has waived it. In its request for discovery, CREW explicitly disavowed the argument that it sought discovery because of defendant's conduct. Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's FOIA Claims and Request for Discovery ("Response"), September 28, 2006, 16 ("But CREW does not point to defendant's conduct as a basis for discovery."). CREW cannot now change its mind. See Public Citizen Health Research Group v. Nat'l Institutes of Health, 209 F.Supp. 2d 37, 43-44 (D.D.C. 2002) ("The Court highly disfavors parties creating new arguments at the reply stage that were not fully briefed during the litigation.")

|  |  |
|---|---|
| OF COUNSEL: | JOSEPH H. HUNT<br>Branch Director |
| MOLLY WEBER<br>United States Secret Service | s/ Justin M. Sandberg<br>ELIZABETH J. SHAPIRO<br>(D.C. Bar No. 418925)<br>Assistant Branch Director<br>SARA CLASH-DREXLER<br>(Pa. Bar No. 86517)<br>Trial Attorney<br>JUSTIN M. SANDBERG<br>(Ill. Bar No. 6278377)<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, N.W. #7224<br>P.O. Box 883 Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 514-3489<br>Facsimile: (202) 616-8202<br>E-mail: justin.sandberg@usdoj.gov<br><br>Attorneys for Defendant |