UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-883 (JGP)<br>)<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF PAUL S. MORRISSEY
DEPUTY ASSISTANT DIRECTOR
UNITED STATES SECRET SERVICE

I, Paul S. Morrissey, hereby make the following declaration:

1. I am submitting this declaration to supplement the September 21, 2006 declaration of Kathy J. Lyerly ("Lyerly Decl."), regarding the search for records responsive to Citizens for Responsibility and Ethics in Washington's ("CREW's") February 2, 2006 Freedom of Information Act (FOIA) request, based on my personal knowledge or information made available to me in my official capacity since that declaration.

2. CREW's FOIA request asks for "all records relating to any visit that [eight listed individuals] made to the White House or the residence of the Vice President from January 1, 2001, to the present . . . [s]pecifically, . . . any record of visits to the White House or the Vice President's residence by the following individuals . . . ."

3. With respect to visits to the White House Complex (also "Complex") and the Vice President's Residence (VPR), the Lyerly Decl. discusses several categories of potentially

responsive records. See, e.g., Lyerly Decl. ¶¶ 6-9, 27. In the course of litigation in <u>The Washington Post v. Dep't of Homeland Security</u>, 06-1737 (RMU), another FOIA case in which a plaintiff seeks records of visits to the White House Complex and the VPR, additional information has come to light about the universe of records potentially responsive to CREW's request, including but not limited to information about additional categories of potentially responsive records. These categories include records known as Secret Service Form (SSF) 1888s concerning those who enter the White House Complex, together with related paper records known as work orders and 622, 623, and certain 624 and 628 files; and "hit" reports and special event lists utilized at the VPR. These groups of records are described in my declarations in the <u>Washington Post</u> case, the relevant paragraphs of which I hereby incorporate by reference. Third Declaration of Paul S. Morrissey, Deputy Assistant Director, United States Secret Service, December 12, 2006, ¶¶ 2-4, 6; Supplemental Declaration of Paul S. Morrissey, Deputy Assistant Director, United States Secret Service, October 25, 2006, ¶¶ 12, 18.

4.　　Although it is questionable whether the SSF 1888s and related paper records are even responsive to CREW's request, the Secret Service has nevertheless searched the SSF 1888s for the names of the individuals identified in CREW's FOIA request. Additionally, the Secret Service has now searched the special event lists for the names of the individuals identified in CREW's FOIA request. These searches produced no responsive records.

5.　　It is also questionable whether the VPR hit reports are even responsive to CREW's request. Nevertheless, and although not mentioned in the Lyerly Decl., available electronic cover memoranda from hit reports were originally searched. Further, available paper copies of the hit reports have now also been searched. No responsive records were found.

2

6. Though not mentioned in the Lyerly Decl., an additional category of potentially responsive records was originally searched; namely, entries in daily Watch Commander Journals, which are described in paragraph 18 of my October 25, 2006 declaration in the <u>Washington Post</u> case. In these journals, watch commanders at the VPR record a variety of information not responsive to CREW's request, along with, occasionally, information about the entry of individuals to the VPR. Again, these records were previously searched and no records responsive to CREW's request were found.

7. I have been advised that in the course of an office move at the White House Complex, the Secret Service recently discovered a number of paper access requests and related and unrelated documents, covering the period March 2001 through October 2001, in an unexpected location. The Secret Service searched these documents for the names of the individuals identified in CREW's FOIA request and located one responsive record, a list regarding the admission of Patrick Pizzella, among others, to the White House Complex for an event. I have been advised that a copy of this record with Social Security numbers and dates of birth redacted is being released to CREW contemporaneous with the filing of this declaration at the direction of the Executive Office of the President.

8. Finally, it is noted that the potentially responsive groups of records described in the Lyerly Decl. include daily access lists and paper copies of requests for admission as utilized at the VPR. Lyerly Decl. ¶¶ 9, 27. I have been advised that since the Lyerly Decl. was executed, Secret Service Uniformed Division officers at the VPR have discovered additional daily access lists and paper copies of requests for admission in places where such documents are not normally stored. These newly-located paper records have been searched for information responsive to

CREW's request, and no responsive records were found.

9. Since the Lyerly Decl., CREW has submitted three pending FOIA requests for records relating to visits by specific individuals to the White House Complex and the VPR.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct to the best of my knowledge and belief.

12/12/06
Date

Paul S. Morrissey
Deputy Assistant Director
Office of Protective Operations
United States Secret Service