**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-0842 (JGP) |
| UNITED STATES SECRET SERVICE, | : | |
| Defendant. | : | |
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-0883 (JGP) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUBMISSION**
**OF DECLARATION OF PAUL S. MORRISSEY**

Plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW"), hereby respectfully submits this response to the notice of filing submitted by defendant, U.S. Department of Homeland Security ("DHS"), which attached a declaration of Paul S. Morrissey. As we note below, this declaration raises even more questions regarding the agency's good faith and further underscores the need for CREW to conduct discovery, as it has previously requested, in order to ensure that the record is complete.

That declarations submitted in a FOIA case must be relatively detailed, non-conclusory,

1

and made in good faith is well-settled law. See, e.g., Judicial Watch, Inc. v. Export-Import Bank, 108 F.Supp.2d 19, 26 (D.D.C.2000). Having previously submitted for this Court's consideration three declarations from a single agency official[1] attesting to the adequacy of the search performed by the Secret Service, DHS now attempts to submit a forth declaration from a new source, Paul S. Morrissey. The Morrissey declaration submitted in this case by DHS is entirely conclusory in its content. It does not provide any background information regarding the declarant's role in the records search process, it does not suggest what his responsibilities are as "deputy assistant director" for the United States Secret Service, it does not describe how he became aware of the facts to which he attests under penalty of perjury,[2] and it does not disclose his authority.

What the Morrissey declaration does provide, however, is support for the limited discovery that CREW is seeking in this matter. As recently as November 1, 2006, DHS noted in

---

[1] DHS has provided three declarations upon which it relies in this case from Special Agent Kathy J. Lyerly. According to her declarations, Ms. Lyerly is the Special Agent in Charge of the Liaison Division and the Freedom of Information and Privacy Acts Officer for the United States Secret Service. CREW has requested a deposition of Ms. Lyerly, particularly in light of CREW's assertions of agency bad faith. See Plaintiff's Surreply to Defendant's Motion to Dismiss Plaintiff's FOIA Claims, pp. 2, 5, and 9. (ECF Record No. 54).

[2] The lack of information regarding the source of Mr. Morrissey's knowledge is particularly disturbing in light of the qualification, or caveat, offered in his declaration. In the closing paragraph, he states, "I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct *to the best of my knowledge and belief*." Declaration of Paul S. Morrissey, p. 4 (EFC Record No. 59) (emphasis added). The circumstances presented in this case include non-frivolous allegations of bad faith. Given Mr. Morrissey's express limitation of his statements to the best of his knowledge and belief, CREW is entitled to know the basis of that knowledge and belief. This is particularly the case where, as here, his declaration does not comply with the requirements of 28 U.S.C. § 1746 (requiring declarations to be "substantially" in the prescribed form, which does not include "to the best of my knowledge and belief"). As noted before, discovery is the most reasonable and expeditious approach to obtain information upon which this Court can base a decision.

2

a submission to this Court that "DHS released to CREW all of the records that CREW could hope to receive if it were to prevail on its FOIA claims." Defendant's Response to Plaintiff's Second Notice Regarding Supplemental Authority, p. 2, ECF Record No. 58, Nov. 1, 2006. Clearly, this statement was untrue, as the Morrissey declaration submitted by DHS two days ago states that "additional information has come to light about the universe of records potentially responsive to CREW's request, including but not limited to information about additional categories of potentially responsive records. . . . These groups of records are described in my declarations in the Washington Post case. . ." Morrissey declaration at 2, ¶ 3, ECF Record No. 59. Thus, by defendant's own admission, these "facts" regarding additional documents that are responsive to CREW's request were known by defendants for quite some time before this disclosure. Notably, the Morrissey declaration does not discuss when the agency became aware of these facts, although it does reference a declaration made in the Washington Post case almost two months ago, on October 25, 2006. Had defendants been acting in good faith, they would have immediately informed the Court and CREW about this development, contemporaneously with its discovery. Instead, for apparent strategic reasons, DHS withheld this information until the day before it was required to file its brief before the D.C. Circuit in Washington Post v. Department of Homeland Security.

    In addition to the problems noted with the timing and the content of the Morrissey declaration, it is deficient in that it purports to incorporate by reference parts of other declarations submitted by Mr. Morrissey in a different case. It is not, nor should it be, a requirement that a litigant follow the docket in related cases to ensure that its litigation opponent has been forthcoming with appropriate and timely disclosures of relevant and material

information. Indeed, the good faith presumption to which DHS claims entitlement sets a higher standard, one that seems to have been ignored when submitting the Morrissey declaration.

CREW's claims of the potential existence of additional documents have proven to be anything but speculative. As a result, DHS may not properly rest upon any presumption of good faith to suggest that all documents have been produced because its declarants have so stated. Neither CREW nor the Court should be required to take the word of the numerous and conflicting declarations submitted in this case. Resolution could be handled swiftly if the Court would permit CREW to take just one deposition at this juncture – the deposition of Kathy J. Lyerly, the Freedom of Information and Privacy Acts Officer at the Secret Service. Through unfiltered inquiries to the person responsible for the agency's response to CREW's FOIA request, we should be able to gather pertinent information bearing on the motions before the Court. Thus, CREW renews its request to conduct limited discovery, to begin with the deposition of Ms. Lyerly. It is possible that sufficient information could be obtained from this witness, and CREW would make every effort to conduct the deposition so as to obviate the need for more discovery.

Respectfully submitted,

_____
Anne L. Weismann
(D.C. Bar No. 298190
Sharon Y. Eubanks
(D.C. Bar No. 420147
Citizens for Responsibility and Ethics
  In Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565

Dated: December 15, 2006                         Attorneys for Plaintiff