UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND<br>AND ETHICS IN WASHINGTON,<br><br>    Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF HOMELAND<br> SECURITY,<br><br>    Defendant. | Civil No. 1:06cv883 (JGP) |

## JOINT REPORT PURSUANT TO LCvR 16.3

Pursuant to the Court's Order of July 26, 2007, and LCvR 16.3, plaintiff and DHS hereby submit this joint report.

Plaintiff's Preliminary Statement

This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Federal Records Act, 44 U.S.C. §§ 3301 et seq. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is challenging the failure of the U.S. Department of Homeland Security ("DHS") to fulfill the FOIA request of plaintiff for documents relating to any visits that specified individuals made to the White House or the residence of the vice president between January 1, 2001, and the present. Plaintiff is also challenging as contrary to law the policy of the Secret Service, a component of DHS, to erase federal records, including the visitor records that plaintiff seeks, from its computer system and to destroy paper copies of those records once it has transferred the information on those records to the White House.

DHS's Preliminary Statement

Plaintiff has filed a four-count complaint relating to records of visits made by certain individuals to the White House Complex and the Vice President's Residence. Second Amended Complaint for Declaratory Judgement and Injunctive Relief, July 27, 2006. The first three counts arise under the FOIA, see id. ¶¶ 33-43, and the fourth is an APA claim related to the Federal Records Act ("FRA"), see id. ¶¶ 44-48. After producing hundreds of pages of records to plaintiff, see Declaration of Kathy J. Lyerly, Sept. 21, 2006, ¶ 3 (attached to Motion to Dismiss Plaintiff's FOIA Claims, Sept. 21, 2006) (noting that plaintiff received 356 pages of responsive records), DHS moved to dismiss plaintiff's FOIA claims on mootness grounds, arguing that it had produced all responsive, non-exempt records found after a reasonable search. Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's FOIA Claims, Sept. 21, 2006 ("Memo. in Support of Motion to Dismiss FOIA Claims"). DHS intends to supplement its filings with respect to the FOIA claims to reflect recently discovered information relevant to plaintiff's FOIA request, but this information will not materially alter the status, or appropriate resolution, of this case. DHS has also moved to dismiss the FRA-related APA claim for lack of subject-matter jurisdiction, though for different reasons, including, the absence of either a waiver of sovereign immunity or an injury under Article III of the Constitution. Memorandum in Support of Defendant's Motion to Dismiss Claim Four of Plaintiff's Second Amended Complaint, August 30, 2006 ("Memo. in Support of Motion to Dismiss APA Claim").[1]

---

[1] In its motions to dismiss, DHS treated the records discussed therein as "agency records" and "federal records" subject to the FOIA and FRA, respectively, solely for purposes of those motions.

**1. LCvR16.3(c)(1)**:

<u>Plaintiff</u>

On August 30, 2006, defendant filed a motion to dismiss plaintiff's claims under the APA and the Federal Records Act for lack of jurisdiction. Plaintiff has opposed that motion, which is now fully briefed. On September 21, 2006, defendant filed a motion to dismiss plaintiff's FOIA claim for mootness based on defendant's assertion that it has released all responsive non-exempt documents. Plaintiff has opposed that motion as well, which is now fully briefed and awaiting disposition.

As set forth in plaintiff's response to defendant's motion to dismiss plaintiff's FOIA claims (Document 48), defendant's motion is premised on material factual representations that are in dispute. Accordingly, plaintiff has requested limited discovery to obtain the factual information it needs to address fully the arguments raised in defendant's motion to dismiss the FOIA claims.

<u>DHS</u>

A.   This case is likely to be disposed of on DHS's pending motions to dismiss.

B.   No discovery is appropriate in this case. Discovery is generally inappropriate in FOIA matters for the reasons set forth in DHS's Memorandum in Support of Motion to Dismiss FOIA Claims, at 12-17. <u>See also</u> <u>Wheeler v. CIA</u>, 271 F.Supp. 2d 132, 139 (D.D.C. 2003). With respect to plaintiff's FRA-related APA claim, discovery is inappropriate because APA claims should be reviewed on the administrative record, except in limited circumstances which plaintiff has not demonstrated. <u>Commercial Drapery Contractors, Inc v. United States</u>, 133 F.3d 1, 7 (D.C. Cir. 1998). In any case, no discovery should occur before the Court resolves DHS's

motion to dismiss plaintiff's APA claim: that motion is premised on legal flaws inherent in plaintiff's complaint, and nothing obtained in discovery will help plaintiff remedy those flaws.

**2. LCvR 16.3(c)(2)**:

<u>Plaintiff</u>

Plaintiff proposes that it be given 20 days after the close of discovery to join any other parties or amend the pleadings. Plaintiff submits that once discovery is completed, it may be possible to agree upon or narrow some or all of the factual and legal issues.

<u>DHS</u>

DHS foresees no need to join additional parties or amend the pleadings. DHS does not foresee that any factual or legal issues will be agreed upon or narrowed, but does not foreclose that possibility.

**3. LCvR 16.3(c)(3)**:

<u>Plaintiff</u>

Plaintiff recommends that this case be assigned to a magistrate judge at least for purposes of resolving the pending motions to dismiss.

<u>DHS</u>

DHS does not consent to assigning this case to a magistrate judge for all purposes, including the purpose of resolving the pending motions to dismiss.

**4. LCvR 16.3(c)(4)**:

<u>Plaintiff</u>

Plaintiff submits that until discovery is completed, there is no realistic possibility of settling the FOIA claims in this case. At this time, there is no realistic possibility of settling the claims under the APA and the Federal Records Act.

<u>DHS</u>

There is no realistic possibility of settling the case at this time.

**5. LCvR 16.3(c)(5)**:

Given the parties' unsuccessful efforts to date to settle this case with the assistance of Magistrate Judge Robinson, the parties do not believe this case could benefit from the Court's alternative dispute resolution procedures. In reaching this determination, the parties have considered the provisions of LCvR 16.3(c)(5)(i)-(v).

**6. LCvR 16.3(c)(6)**:

<u>Plaintiff</u>

Plaintiff submits that the FOIA claims cannot be resolved by summary judgment or a motion to dismiss until plaintiff is afforded limited discovery, as outlined above. Similarly, if defendant's pending motion to dismiss the non-FOIA claims is denied, plaintiff will need discovery before filing any dispositive motion on those claims. Accordingly, plaintiff suggests that the scheduling of any further dispositive motions be postponed pending the completion of discovery.

DHS

This case should be resolved in DHS's favor on DHS's pending motions to dismiss, and the planned supplemental filing. And to reiterate, discovery is not appropriate in this case.

**7. LCvR 16.3(7)**:

Plaintiff

Plaintiff submits that defendant should comply with the initial disclosures as soon as possible with respect to the non-FOIA claims.[2]

DHS

Discovery on plaintiff's APA claim (the "non-FOIA claim[ ]") would be inappropriate, because, with exceptions not applicable here, such claims are reviewed on the administrative record. See Commercial Drapery Contractors, Inc, 133 F.3d at 7. Indeed, discovery would be particularly improper in this case because there is a fully-briefed motion to dismiss the APA claim in its entirety; the motion is well-grounded; and, nothing obtained in discovery would enable plaintiff to defeat the motion, which rests entirely on legal flaws inherent in the claim. See Memo. in Support of Motion to Dismiss APA Claim; Gettings v. Building Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300, 304 (6th Cir. 2003); McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006); 6 J. Moore, et al., Moore's Federal Practice §26.105[3][C], p. 272 (3d ed. 2007). In fact, even plaintiff acknowledges that no discovery would be relevant to the pending

---

[2] The FOIA claims are exempt from the initial disclosure requirements pursuant to LCvR 16.(b)(9), although plaintiff notes that in other related litigation, defendant has taken the position that the Court has no authority to exempt itself from Rule 26 of the Federal Rules of Civil Procedure. See CREW v. DHS, Civil No. 06-1912, Reply in Support of Defendant's Emergency Motion for Protective Order and to Quash Deposition Subpoena (Document 27).

motion to dismiss.  See paragraph 6 above (stating that discovery is necessary on the APA claim only if the motion to dismiss is denied).

**8.  LCvR 16.3(8)**:

> Plaintiff

Plaintiff anticipates the need for discovery and suggests that it be given 60 days in which to complete discovery, including depositions, interrogatories, document production and requests for admission.  As set forth in plaintiff's response to defendant's motion to dismiss plaintiff's FOIA claims and request for discovery (Document 48), at a minimum plaintiff seeks to depose DHS declarant Kathy J. Lyerly, who has submitted numerous declarations in this and related litigation.  In addition, plaintiff anticipates at least two Rule 30(b)(6) depositions, including someone familiar with the "Inspection team" outlined in Ms. Lyerly's declaration as well as someone knowledgeable about the search performed by the Presidential Protective Division of the Secret Service.  Id. at 17.  Further, plaintiff anticipates deposing someone at the National Archives and Records Administration given that such agency was referenced in Ms. Lyerly's declaration as having a role on the issues presented here.  Id.

> DHS

As explained above and in DHS's earlier filings, discovery would be inappropriate in this case.

**9.  LCvR 16.3(9) - (13)**:

The parties submit that the remaining topics raised in LCvR 16.3(c) are not applicable to this case, which will not be resolved by trial, will not require experts and is not a class action.

Respectfully submitted,

Dated:  August 8, 2007          /s/ _____
　　　　　　　　　　　　　　　Anne L. Weismann
　　　　　　　　　　　　　　　(D.C. Bar No. 298190)
　　　　　　　　　　　　　　　Melanie Sloan
　　　　　　　　　　　　　　　(D.C. Bar No. 434584)
　　　　　　　　　　　　　　　Citizens for Responsibility and Ethics
　　　　　　　　　　　　　　　 in Washington
　　　　　　　　　　　　　　　1400 Eye Street, N.W., Suite 450
　　　　　　　　　　　　　　　Washington, D.C.  20005
　　　　　　　　　　　　　　　Phone: (202) 408-5565
　　　　　　　　　　　　　　　Fax: (202) 588-5020

　　　　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　　　　　PETER D. KEISLER
　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　JEFFREY A. TAYLOR
　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　CARL J. NICHOLS
　　　　　　　　　　　　　　　Deputy Assistant Attorney General
　　　　　　　　　　　　　　　JOSEPH H. HUNT
　　　　　　　　　　　　　　　Branch Director
　　　　　　　　　　　　　　　JOHN R. TYLER
　　　　　　　　　　　　　　　Senior Trial Counsel

　　　　　　　　　　　　　　　 /s/ Justin M. Sandberg
　　　　　　　　　　　　　　　JUSTIN M. SANDBERG
　　　　　　　　　　　　　　　(Ill. Bar. No. 6278377)
　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　20 Massachusetts Avenue, N.W. #7224
　　　　　　　　　　　　　　　P.O. Box 883 Ben Franklin Station
　　　　　　　　　　　　　　　Washington, D.C. 20044
　　　　　　　　　　　　　　　Telephone: (202) 514-3489
　　　　　　　　　　　　　　　Facsimile: (202) 616-8202
　　　　　　　　　　　　　　　E-mail: justin.sandberg@usdoj.gov

　　　　　　　　　　　　　　　Attorneys for Defendant