UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND<br> AND ETHICS IN WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND<br> SECURITY,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:   Civil No. 1:06cv883 (RCL)<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S MOTION TO COMPEL SUPPLEMENT FILING AND SUPPORTING
MEMORANDUM**

On September 5, 2007, in response to a minute order of the Court, the parties in the above-captioned action filed a joint status report (Document 69). In that report defendant stated, among other things, that "DHS [Department of Homeland Security] intends to supplement its filings with respect to the FOIA [Freedom of Information Act] claims to reflect recently discovered information relevant to plaintiff's FOIA request." Joint Status Report at 3. To date, however, despite the passage of almost three months, defendant has not filed any supplementation in this case.

Today plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") received information suggesting that the Secret Service, a component of defendant DHS, has records reflecting additional visits by Jack Abramoff, one of the subjects of CREW's FOIA requests at issue here, that have not yet been produced. Follow-up inquiries by CREW's counsel to government counsel went unanswered or were denied, including whether the government intended to file any such additional information with the Court in its anticipated motion to

consolidate this case with <u>Judicial Watch v. U.S. Secret Service</u>, Civil No. 06-310 (RC).[1]

If, as defendant represented on September 5, 2007, DHS has relevant information that was discovered after the government responded to CREW's FOIA request, defendant has a legal obligation to come forward immediately with that information. Defendant's failure to do so and its refusal to respond to CREW's inquiries about the existence of additional responsive documents to CREW's FOIA request call the good faith and the honesty of the government's representations to the Court into question.  Simply stated, defendant is long overdue on its promise to supplement what can no longer be reasonably called "recently discovered information."

## **CONCLUSION**

Accordingly, for the foregoing reasons plaintiff respectfully requests that this motion be granted and that defendant be ordered to file immediately all information relevant to plaintiff's claims that defendant has promised, but not yet provided, as well as any additional relevant information defendant has acquired since the filing of the joint status report.  Pursuant to LCvR 7(m), counsel for CREW contacted defendant's counsel by email to ascertain defendant's position on this motion and has not heard back from defendant's counsel.


Respectfully submitted,

/s/ _____

---

[1] Defendant's counsel contacted CREW to ascertain whether CREW would oppose that motion.  CREW indicated it would oppose consolidation given that the FOIA request at issue here is not identical to that at issue in the <u>Judicial Watch</u> case and the primary issue in the <u>Judicial Watch</u> case is whether the government has complied with the stipulation it entered by which it agreed to produce certain documents to the plaintiff.

                                                Anne L. Weismann
                                                (D.C. Bar No. 298190)
                                                Melanie Sloan
                                                (D.C. Bar No. 434584)
                                                Citizens for Responsibility and Ethics
                                                 in Washington
                                                1400 Eye Street, N.W., Suite 450
                                                Washington, D.C.  20005
                                                Phone: (202) 408-5565
                                                Fax: (202) 588-5020

                                                Attorneys for Plaintiff

Dated:  November 29, 2007