# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

CITIZENS FOR RESPONSIBILITY AND    :
  AND ETHICS IN WASHINGTON,      :
                                   :
      Plaintiff,                  :
                                     :
        v.                        :       Civil No. 1:06cv883 (RCL)
                                     :
DEPARTMENT OF HOMELAND        :
  SECURITY,                       :
                                     :
      Defendant.             :
_____:

### SUPPLEMENT TO PLAINTIFF'S LCvR 7(m) CERTIFICATION
### REGARDING PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL FILING

On November 30, 2007, CREW filed a motion to compel defendant to supplement its

filings in this case with relevant information defendant claimed on September 5, 2007 to have

recently discovered.  Pursuant to LCvR 7(m), CREW's counsel sent an email to defendant's

counsel (attached as Exhibit 1) seeking defendant's position on the motion.  Given the lateness

of the hour, CREW elected to communicate by email, anticipating a greater likelihood of

reaching counsel in that manner.  Moreover, use of email to solicit the opposing party's position

on an anticipated filing has been the long-standing practice of Department of Justice counsel in

multiple other cases, including most recently CREW v. Office of Administration, Civil No. 07-

964 (CKK) and CREW v. Executive Office of the President, et al., Civil No. 07-1707 (HHK).

CREW did not hear back from defendant's counsel before CREW filed its motion.  The

following morning, however, Department of Justice attorney Justin Sandberg contacted CREW

by email to advise CREW that according to the date stamp on the email he had received from

CREW, CREW had filed its motion before seeking defendant's position and that, accordingly, he

was declining to provide defendant's position on the motion. In response, CREW sent Mr. Sandberg by email the copy of the email in the "sent mail" box of CREW's counsel which indicates that CREW's original email was sent at 6:36 p.m., prior to CREW filing its motion at 7:00 p.m. Mr. Sandberg responded by email that CREW, by using email to contact him, had not complied with its obligations under LCvR 7(m). In a further email exchange, CREW's counsel explained that in multiple other cases Department of Justice attorneys used email to solicit CREW's views on anticipated motions. CREW also sought to ascertain whether Mr. Sandberg would have been available to receive a telephone call had CREW contacted him by telephone at 6:36 p.m. the prior evening rather than by email. Mr. Sandberg refused to answer this question. This entire email exchange is attached as Exhibit 2.

    In addition, CREW's counsel placed a phone call to Mr. Sandberg at approximately 9:45 a.m. on November 30, 2007, to address any alleged deficiency in her compliance with LCvR 7(m). A few minutes later, in a return call, Mr. Sandberg stated that he would provide defendant's position on the motion to compel only if CREW would agree, before hearing that position, to withdraw its motion. Mr. Sandberg again refused to state whether he would have been available at 6:36 p.m. on November 26, 2007, had CREW contacted him by telephone rather than email to discuss CREW's anticipated filing. In response, CREW suggested instead that since it was already planning to supplement its filing to address the LCvR 7(m) issues defendant's counsel had raised, CREW would use that filing to set forth defendant's position on the motion. As of the filing of this supplementation, however, CREW has not heard back from defendant as to its position on CREW's motion to compel.

    Accordingly, CREW hereby supplements its Rule 7(m) certification to apprise the Court

of these facts and to remedy any deficiency in CREW's prior attempt to comply with Rule 7(m).

As explained above, by using email to ascertain defendant's position on CREW's motion to

compel, CREW was following what had become an accepted practice between Justice

Department lawyers and CREW lawyers in other litigation.  CREW acknowledges, however, that

Rule (m) by its express terms, requires counsel to discuss anticipated non-dispositive motions

"either in person or by telephone."  As set forth above, CREW has now attempted to discuss its

motion with defendant's counsel by telephone and will ensure that in all further proceedings in

this case it complies fully with the express language of Rule 7(m).

<div style="margin-left: 40%;">

Respectfully submitted,

 /s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
  in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

</div>

Dated:  November 30, 2007