# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 1:06-310 (RMC) |
| | : | |
| UNITED STATES SECRET SERVICE, | : | |
| | : | |
| Defendant. | : | |

## OPPOSITION OF CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON TO DEFENDANT'S MOTION FOR CONSOLIDATION

### STATEMENT

Citizens for Responsibility and Ethics in Washington ("CREW"), plaintiff in the separate action CREW v. U.S. Dep't of Homeland Security, No. 1:06-0883 (RCL), hereby opposes the motion of the U.S. Secret Service, filed in the above-captioned case, to consolidate this matter with CREW's separate lawsuit. Although there is some overlap between the two cases, that overlap is outweighed by the significant differences of law and fact. CREW's lawsuit involves a Freedom of Information Act ("FOIA") request for all records relating to visits of eight individuals to the White House and the vice president's residence as well as a challenge under the Administrative Procedure Act and the Federal Records Act to the policy of the Secret Service to destroy its records of White House visits once copies have been sent to the White House. Judicial Watch's lawsuit, by contrast, involves only a FOIA request for the visitor logs of one individual to the White House. Moreover, the legal issue in the instant lawsuit centers on whether the Secret Service has fulfilled the terms of the parties' agreed upon stipulation of dismissal, whereas the parties in CREW's lawsuit have not entered any such stipulation and the

legal issue on the FOIA claim focuses on whether the U.S. Department of Homeland Security ("DHS") has fulfilled its obligation to conduct a reasonable search for all responsive documents under the FOIA. The multiple differences between the two lawsuits counsel strongly against consolidation.

## ARGUMENT

Consolidation under Rule 42(a) of the Federal Rules of Civil Procedure is within the broad discretion of the district court. *See, e.g.*, Santucci v. Pignatello, 188 F.2d 643 (D.C. Cir. 1951); Prudential Ins. Co. v. Saxe, 134 F.2d 16, 34 (D.C. Cir. 1943). In exercising that discretion, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." American Postal Workers Union v. U.S. Postal Service, 422 F.Supp. 240, 245 (D.D.C. 2006), *quoting* Chang v. United States, 217 F.R.D. 262, 265 (D.D.C. 2003). As applied here, the balance tilts decidedly against consolidation.

First, Judicial Watch's lawsuit is based on a FOIA request filed by Judicial Watch with the Secret Service seeking "[a]ll White House visitor logs from January 1, 2001 to the present that reflect the entries and exit(s) of lobbyist Jack Abramoff from the White House." See Exhibit 2 to Plaintiff's Motion to Compel Defendant United States Secret Service to Comply with the Court's Order and for Sanctions, May 16, 2006 (Document 12).

By contrast, CREW's lawsuit is based on a FOIA request CREW filed with the Secret Service for all records of visits to the White House or the vice president's residence by eight individuals, only one of which is included in Judicial Watch's FOIA, Jack Abramoff. See Letter of February 2, 2006, to U.S. Secret Service from Anne L. Weismann, CREW (attached as

Exhibit A).[1]  Not only did CREW include the additional location of the vice president's residence, but CREW defined "White House" broadly to include "any office within the Executive Office of the President, the residence of the President, the Old and New Executive Office Buildings, and any other office or space on the grounds of the White House." Id. Moreover, unlike Judicial Watch's request, which is confined to "visitor logs," CREW's request seeks all records relating to White House visits.

The Secret Service minimizes these differences, suggesting that they have no relation to the issue of whether DHS's search was reasonable or not.  Memorandum in Support of Defendant's Motion for Consolidation (D's Mem.") at 4 n.4.  This argument is nonsensical.  As even the government concedes, "the scope of the searches in these cases may [also] differ . . ." Id. at 4.  Given that CREW is seeking a broader range of documents for a broader category of individuals, it necessarily follows that the justifications the Secret Service has offered for the reasonableness of its search in response to Judicial Watch's FOIA request will not be sufficient to justify the search it claims to have conducted in response to CREW's significantly different request.[2]

Second, CREW's complaint includes an entirely separate and distinct count brought under the Federal Records Act.  As CREW has alleged, DHS violated the Federal Records Act

---

[1] The other seven individuals included in CREW's FOIA request are Michael Scanlon, Patrick Pizzella, Neil Volz, Tony Rudy, Shawn Vassell, Kevin Ring and Edwin Buckham.  Id.

[2] This is further supported by the suggestion of the Secret Service in its supplemental motion for summary judgment filed in the instant case that "given the wording of [Judicial Watch's] FOIA request, it is questionable whether" the so-called newly discovered "Sensitive Security Records" "are even responsive.  Memorandum in Support of Supplemental Motion for Summary Judgment (Document 36) at 7 n.4.  There could be no legitimate question about the responsiveness of these records to CREW's more broadly worded request.

3

by unilaterally destroying certain White House visitor records without prior approval from the Archivist or a disposition schedule.  <u>CREW v. DHS</u>, Second Amended Complaint for Declaratory Judgment and Injunctive Relief, ¶¶ 45-48 (attached as Exhibit B).  This count is based on separate facts from those that underlie DHS's processing of a FOIA request, the only issue raised in Judicial Watch's complaint.

Moreover, in view of the fact that the Federal Records Act violation flows from an apparent attempt by DHS to shield the requested records from public view by shipping them to the White House (an entity not subject to the FOIA) before destroying any copy in DHS's possession, CREW has requested leave to conduct discovery.  If CREW's request is granted, the resulting delay in the resolution of Judicial Watch's lawsuit, if consolidated with CREW's, presents a clear prejudice to Judicial Watch.  On the other hand, if CREW's request for discovery is delayed pending resolution of the dispositive motions in Judicial Watch's case, CREW will be prejudiced.

Third, the central legal issues in the two cases differ significantly.  The Secret Service's obligations in this lawsuit flow from the Joint Stipulation it entered with Judicial Watch by which it agreed to produce responsive documents to Judicial Watch without redactions or claims of exemption by May 10, 2006.  Based on the government's failure to comply with the obligations it undertook through this stipulation, Judicial Watch filed a motion to compel the Secret Service to comply with the Court-ordered stipulation and for sanctions (Document 12).  Thus, the issue before this Court is whether the Secret Service has complied with the obligations mandated by the Court-ordered stipulation.

In CREW's lawsuit, by contrast, the issue is whether the government has complied with

the obligations that the FOIA imposes. Neither party contracted away its legal rights and obligations through a stipulated dismissal, and the reference point for the Court's analysis will be the FOIA itself, not a bargained for agreement that led to a Court-ordered dismissal.[3]

In arguing for consolidation DHS relies principally on the notion that consolidation will serve "the interests of judicial economy." D's Mem. at 2. The facts, however, point in the opposite direction. Far from having "shared questions of law and fact" "at the heart"[4] these two cases differ significantly and those differences overwhelm their similarities. Moreover, each of these two cases is at an advanced, but different, stage: Judicial Watch is seeking to enforce the Court-ordered obligations encompassed within a stipulation, while CREW is seeking discovery and has opposed two pending motions to dismiss as legally and factually unfounded. Consolidation will therefore prejudice each plaintiff. Judicial Watch, for its part, risks becoming embroiled in litigation over discovery on both CREW's FOIA and Federal Records Act counts, with the potential for delay in the resolution of its motion to compel. And CREW, for its part, will be prejudiced by any delay that results from resolution of the pending motions in Judicial Watch's lawsuit, motions that will not materially advance the resolution of CREW's claims.

Finally, completely and conspicuously absent from the government's motion is any explanation of why it waited until now to seek consolidation. While at the outset of CREW's case the Secret Service successfully sought consolidation with a then-pending lawsuit brought by the Democratic National Committee, it did not then seek consolidation with Judicial Watch's

---

[3] For example, although in the instant lawsuit the government stipulated it would make no redactions or withholdings, it has now refused to produce any "Sensitive Security Records." This raises an issue unique to Judicial Watch's lawsuit.

[4] D's Mem. at 4.

5

lawsuit, the first-filed of the three suits.[5] That it waited 17 months to do so speaks volumes about the most likely reason, forum-shopping.

Consolidation is a matter within this Court's sound discretion. The absence of a clear justification for consolidating these two cases now should compel the Court to deny the government's belated motion.

## CONCLUSION

For the foregoing reasons, this Court should decline to grant DHS's motion for consolidation and allow CREW v. DHS to proceed separately from this action.

Respectfully submitted,

  /s/ Anne L. Weismann
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Citizens for Responsibility
 and Ethics in Washington

Dated: December 4, 2006

---

[5] In granting the prior motion to consolidate, Judge Penn relied in part on the fact that there had been "no significant procedural history in either case." DNC v. U.S. Secret Service, Memorandum Order, July 18, 2006, at 2 (attached as Exhibit C). Indeed, the government had argued in part that the cases should be consolidated "because both are in their early stages . . ." Id. No such arguments are available here. Judicial Watch's case is at a very advanced stage, with dispositive motions pending by both sides, while CREW has opposed the government's motions to dismiss and is seeking discovery.

6