# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,            ) <br> ) <br>          Plaintiff,     ) <br> ) <br> v.                           ) <br> ) <br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY,            ) <br> ) <br>          Defendant.    ) <br>_____) | CIVIL ACTION NO. <br> 06-883 (RCL) |

### SECOND DECLARATION OF PAUL S. MORRISSEY
### DEPUTY ASSISTANT DIRECTOR
### OFFICE OF PROTECTIVE OPERATIONS
### UNITED STATES SECRET SERVICE

I, Paul S. Morrissey, hereby declare as follows:

1. I am the Deputy Assistant Director of the Office of Protective Operations ("OPO") for the United States Secret Service ("Secret Service"), which is a component of the Department of Homeland Security ("DHS"). I have held this position since September 2006, and have been employed with the Secret Service as a Special Agent (GS-1811) since January 1983.

2. This declaration supplements my December 12, 2006, declaration regarding the search for records responsive to Citizens for Responsibility and Ethics in Washington's ("CREW's") February 2, 2006, Freedom of Information Act ("FOIA") request. The statements made herein are based on my personal knowledge or on information made available to me in my official capacity since that declaration.

3. Beyond Secret Service Form ("SSF") 1888s and related paper records (described in my December 12, 2006 declaration), the Secret Service sometimes creates other records that

relate to the background investigation and security process conducted in connection with certain individuals entering or scheduled to enter the White House Complex (referred to herein as "Sensitive Security Records").[1] These records are created in the course of conducting additional background checks and other security-related activities regarding certain visitors, who are chosen by the Secret Service based on certain details in their backgrounds and/or the circumstances of their visits. The records include the names and other identifying information concerning such visitors (including, in some cases, their birth dates and/or Social Security numbers) and background information on them, or information regarding their visits to the Complex, which may include criminal history and/or other security-related information.

4. The searches described in the September 21, 2006 declaration of Kathy J. Lyerly focused on the Worker and Visitor Entrance System ("WAVES") and Access Control Records System ("ACR") data/records, as well as records of visits to the Vice President's residence. (My December 12, 2006 declaration notes additional searches.) The Secret Service now believes that Sensitive Security Records could be responsive. As set forth in the declaration of Craig W. Ulmer, Dec. 11, 2007 ("Ulmer Decl."), the Secret Service has searched Sensitive Security Records for the names of the individuals listed in the subject FOIA request.[2] Potentially responsive records were found. See Ulmer Decl.

---

[1] These records were referred to as "Additional Security-Related Records" in my declaration of May 23, 2007, filed in Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Homeland Security, et al., 06-1912 (D.D.C.) (RCL).

[2] When this declaration states that records have been searched for the names listed in plaintiff's FOIA request, it means that, along with searching for records reflecting all of the other names on the request, the Secret Service has searched for records with the name Shawn "Vasell," as well as Shawn "Vassell."

2

5. Leaving aside the Sensitive Security Records, the Secret Service has conducted additional searches in certain categories of records for the names of the individuals listed in the subject FOIA request: records originating from the Executive Office of the President reflecting parking requests, or authorization for parking, with respect to the White House Complex; electronically maintained e-mails at the WAVES Center requesting access to the White House Complex; and White House Daily Briefing Sheets. These searches included the period of January 1, 2001 through July 6, 2006 (although it is believed that not all records that were created during this period still exist), and were conducted only after they were authorized by the Office of the President and the Office of the Vice President. It is questionable whether these categories are even responsive to CREW's request. In any case, no responsive records were found in any of these groups.

6. Large Event Summaries are lists of individuals scheduled to visit the White House Complex for events generally involving 20 or more people. A component of defendant, the WAVES Center, sometimes prints out these summaries. Summaries printed by the WAVES Center are transferred to the White House Office of Records Management ("WHORM").[3]

7. I have been advised that, with the authorization of the Office of the President and the Office of the Vice President, the WHORM has conducted a search of certain Large Event Summaries which had been transferred to the WHORM for the names of certain individuals listed in the subject FOIA request. I understand that two such documents which contain

---

[3] Officers on posts, as well as another operational section of defendant, print out these summaries. Prior to early 2007, the summaries printed at the posts would likely have been discarded shortly thereafter, and the other operational section retained the lists for several months before discarding them.

Case 1:06-cv-00883-RCL    Document 75-2    Filed 12/11/2007    Page 5 of 5

responsive information were located by the WHORM and referred to the Secret Service for processing under the FOIA. The Ulmer declaration describes that processing.

8. The Secret Service has also conducted a search for the names contained in CREW's FOIA request in the WAVES and ACR records on the June and July 2006 CD-ROMs (to search for responsive records from June 25 through July 6, 2006). No new responsive records were found for this time period. I am advised that these additional WAVES and ACR records were searched because of the belief that the previous searches encompassed only records downloaded from the server as of the dates of these searches.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 11th, 2007.

_____
PAUL S. MORRISSEY

4