# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 06-883 (RCL) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) ) ) | |
| Defendant. | ) ) ) | |

**DECLARATION OF CRAIG W. ULMER**
**SPECIAL AGENT IN CHARGE**
**FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICER**
**UNITED STATES SECRET SERVICE**

I, Craig W. Ulmer, hereby declare as follows:

1.    I am the Special Agent in Charge, Freedom of Information and Privacy Acts

("FOI/PA") Officer for the United States Secret Service (hereinafter "Secret Service"), which is a

component of the Department of Homeland Security ("DHS"). I have been the Secret Service

FOI/PA Officer since August 5, 2007.   I have been employed with the Secret Service as a

Special Agent (GS-1811) since April 28, 1985.

2.    DHS regulations, Title 6, Code of Federal Regulations, section 5.4, and Appendix

A, II(I)(3), vest authority in the FOI/PA Officer, Secret Service, to make initial determinations as

to whether to grant Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests for Secret

Service records (68 FR 4056, 4058, and 4069).

3.    The statements made in this declaration are based on information made available to

me in my official capacity.

4.   As the Secret Service's FOI/PA Officer, I am familiar with plaintiff's FOIA request to the Secret Service.

5.   Pursuant to search requests from myself (or my office), the Secret Service has conducted additional searches in certain record groups for documents/records responsive to plaintiff's FOIA request[1]: records originating from the Executive Office of the President reflecting parking requests, or authorization for parking, with respect to the White House Complex; White House Daily Briefing Sheets; Worker and Visitor Entrance System ("WAVES") and Access Control Records System ("ACR") records on the June and July 2006 CD-ROMs; and, electronically maintained e-mails at the WAVES Center requesting access to the White House Complex. Those searches, which I have been advised were conducted only after they were authorized by the Office of the Vice President and/or the Office of the President, have now been completed, and no new records responsive to plaintiff's FOIA request were located.

6.   With respect to an additional record group, defined below as "Sensitive Security Records," the Secret Service conducted an additional search for information responsive to plaintiff's request. The search uncovered one or more records that contain potentially responsive information.[2] All potentially responsive information is being withheld pursuant to the FOIA exemptions codified at 5 U.S.C. §§ 552(b)(2), (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F). A description and explanation of the FOIA processing and search for Sensitive Security Records

---

[1] When this declaration states that records have been searched for the names listed in plaintiff's FOIA request, it means that, along with searching for records reflecting all of the other names on the request, the Secret Service has searched for records with the name Shawn "Vasell," as well as Shawn "Vassell."

[2] I will refer to the potentially responsive record(s) in the plural for simplicity's sake.

responsive to plaintiff's FOIA request, and the reasons for the exemptions claimed, are set forth below.

7.    In addition, the White House Office of Records Management ("WHORM") referred to the Secret Service two Large Event Summaries, one of which contains seven (7) pages and one of which contains three (3) pages. Two pages from each document contain responsive information. These two documents previously had been transferred to the WHORM by the Secret Service. Each of these documents contains information that is responsive to plaintiff's FOIA request. At the direction of the Office of the President, copies of the two documents as redacted are being released to CREW with the filing of this declaration.

**Plaintiff's FOIA Request**

8.    By letter dated February 2, 2006, and received by the Secret Service FOI/PA Office on February 16, 2006, CREW submitted to the Secret Service a FOIA request for:

> all records relating to any visit that any and all of the following individuals made to the White House . . . or the residence of the Vice President from January 1, 2001, to the present . . . : Jack Abramoff, Michael Scanlon, Neil Volz, Tony Rudy, Shawn Vassell, Kevin Ring, Edwin Buckham, [and] Patrick Pizzella.

**Previous Releases**

9.    I have been advised that in connection with prior searches, WAVES data/records and ACR data/records regarding individuals named in plaintiff's FOIA request, as well as a list reflecting the admission of Patrick Pizzella to the White House Complex for an event, were released to the plaintiff in this case.

**Sensitive Security Records**

10.    In connection with its statutory responsibilities as set forth in Title 18 of the United

3

States Code, sections 3056 and 3056A, the Secret Service sometimes creates records that relate

to the background investigation and security process conducted in connection with certain

individuals entering or scheduled to enter the White House Complex (hereinafter referred to as

"Sensitive Security Records"). These records are created in the course of conducting additional

background checks and other security-related activities regarding certain visitors, who are chosen

by the Secret Service based on certain details in their backgrounds and/or the circumstances of

their visits.

      11.    In the course of litigating another case with a similar FOIA request, the Office of

Protective Operations ("OPO") discovered that an electronic table was being populated that

contains certain Sensitive Security Records that date back to March 2003.  OPO also has paper

records that constitute Sensitive Security Records; however, those paper records only date back

to October 2006.  The Office of the Assistant Director, Office of Protective Research ("OPR"),

Intelligence Division, also has paper records that constitute Sensitive Security Records, but those

too only date back to October 2006, with some sporadic records dating back to September 2006.

      12.    I understand that based on my Office's request, the OPO conducted a search of the

electronic table.  In regard to the electronic table containing Sensitive Security Records, OPO

searched these records electronically by the names of the individuals provided in plaintiff's FOIA

request.  The search of the electronic files located potentially responsive records.  These records

have been provided to my office for review and processing under the FOIA.

**Large Event Summaries**

      13.    In connection with plaintiff's FOIA request, the Secret Service also received a

referral of two documents that contain information responsive to plaintiff's FOIA request.  These

4

documents had earlier been transferred to the WHORM by the Secret Service. The two referred documents are each titled "Large Event Summary," and responsive information exists on two pages of each document.

### FOIA Processing and Exemptions Claimed

14.    Upon completion of the above described search for Sensitive Security Records, the retrieval of the potentially responsive records from the rest of the Sensitive Security Records, and the receipt of the two referred Large Event Summaries, these documents were reviewed for possible release under the FOIA.

15.    In reviewing these records it was determined that all of the potentially responsive information that had been located in connection with plaintiff's FOIA request had been compiled for law enforcement purposes. All of the information had been gathered and utilized by the Secret Service in connection with its statutory responsibilities for protection and security, as set forth in Title 18 of the United States Code, sections 3056 and 3056A. Therefore, all of the potentially responsive information met the threshold requirement for exemption from release under the provisions of the FOIA, section 552(b)(7).

16.    The potentially responsive Sensitive Security Records include the following information: the abbreviation for the name of an internal Secret Service security program; the name of the individual who made the request for the appointment; appointment date and time; the time and date a report was run; a name and or number letter sequence associated with an Access Control Officer; the date and time of the request for the appointment; information concerning who the appointment is with; the name, Social Security number, date of birth, city and state of residence for the individual seeking access to the White House Complex for whom

5

the security check is being requested; and information regarding certain background checks to be conducted.  Based on the information contained in the Sensitive Security Records, and the purpose for which such records were compiled, these records are being withheld in full under the FOIA, 5 U.S.C. §§ 552(b)(2), (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F).

17.    In regard to the two Large Event Summaries referred to the Secret Service, these documents contain information related to the large event at issue.  These documents also contain a listing of the names, dates of birth, Social Security numbers, and occasionally, other information for the individuals appearing in the records.  The name "Shawn Vasell" appears on each of the Large Event Summaries transferred by the WHORM to the Secret Service for processing.

18.    Also with respect to the Large Event Summaries, in regard to the names, dates of birth, Social Security numbers, and any security information or admission information concerning individuals other than those about whom plaintiff's FOIA request sought information, it was determined that all such information was beyond the scope of plaintiff's FOIA request.  Consequently, any such information has been redacted.  The facsimile line appearing at the top of the referred documents was also redacted as beyond the scope.

19.    The date of birth and the Social Security number for Shawn Vasell is being withheld, as is certain security information on the Large Event Summaries, under exemptions (b)(2), (b)(6), (b)(7)(C), and (b)(7)(E).

6

**FOIA Exemptions (b)(2) and (b)(7)(E)**

20.    The Secret Service is withholding responsive and potentially responsive information

under 5 U.S.C. § 552(b)(2), and in some cases, § 552(b)(2) in conjunction with § 552(b)(7)(E).

Section 552(b)(2) exempts from disclosure information "relating solely to the internal personnel

rules and practices of an agency."  Section 552(b)(7)(E) exempts from disclosure "records or

information compiled for law enforcement purposes, but only to the extent that the production of

such law enforcement records or information. . .would disclose techniques and procedures for

law enforcement investigations or prosecutions, or would disclose guidelines for law

enforcement investigations or prosecutions if such disclosure could reasonably be expected to

risk circumvention of the law."

21.    Potentially responsive information withheld under exemption (b)(2) includes

letter/number sequences associated with Access Control Officers in Sensitive Security Records.

These pieces of information relate strictly to the internal operation of the system and provide no

information to the public.  Therefore, this information is being withheld under exemption (b)(2).

22.    All information contained in the Sensitive Security Records was compiled for law

enforcement purposes, and in connection with the Secret Service's protective responsibilities as

set forth under Title 18 of the United States Code, sections 3056 and 3056A.  To release the

information described in this paragraph could disclose information related to when and if various

security checks and security measures are taken in connection with individuals seeking entrance

into the White House Complex.  For instance, the abbreviated name of the program as shown on

a potentially responsive document itself could reveal security-related information concerning

when certain checks are, or are not, conducted.  Further, to reveal the name of and personal

7

identifying information concerning the individual, and who he was visiting, could suggest when additional security checks are conducted and when certain security measures are not, or are unlikely, to be taken. Thus, the name, personal identifying information, and intended visitee information must also be withheld as such details may indicate certain security related activity, or the lack thereof. Release of the information would reveal information not known to the general public. Further, the release of the information would reveal techniques and criteria used by the Secret Service to gather additional information in certain circumstances and in regard to certain individuals. Disclosing any potentially responsive information (including whether a search for a particular individual's name located, or did not locate a record), could, when repeatedly combined with other similar information, reasonably be expected to enable individuals to circumvent the law by revealing information regarding the circumstances that trigger when certain security steps are taken, and the manner through which those additional security checks are taken or information is gathered. For this reason, any and all such potentially responsive information in Sensitive Security Records located in connection with plaintiff's FOIA request would be withheld under exemption (b)(2) in conjunction with exemption (b)(7)(E).

23.    To protect the security of the White House Complex, the Secret Service redacted, in Large Event Summaries, under exemption (b)(2) in conjunction with exemption (b)(7)(E), limited information from background checks performed by the Secret Service and instructions including coded instructions to Secret Service officers, all of which was compiled for law enforcement purposes. Releasing this information would create a security risk as the information reflects the circumstances in which individuals may be admitted to the White House Complex.

## FOIA Exemption (b)(7)(F)

24.    Title 5, United States Code, section 552(b)(7)(F), exempts from disclosure "records or information compiled for law enforcement purposes," the disclosure of which "could reasonably be expected to endanger the life or physical safety of any individual." As discussed above, release of any of the potentially responsive Sensitive Security Records could disclose information related to when and if various security checks and security measures are taken in connection with individuals seeking entrance into the White House Complex. One purpose of those security checks and security measures is to protect the life and physical safety of one or more protectees of the Secret Service. Disclosing the Secret Service's techniques and procedures in that regard could permit an individual or organization to attempt to avoid certain security checks, potentially impeding the Secret Service's efforts to identify persons who may be a threat to its protectees, and thus potentially endangering the life and physical safety of one or more Secret Service protectees.

## FOIA Exemptions (b)(6) and (b)(7)(C)

25.    Title 5, United States Code, section 552(b)(6), exempts from disclosure information about individuals in "personnel and medical files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." Title 5, United States Code, section 552(b)(7)(C), exempts from disclosure "records or information compiled for law enforcement purposes," the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

26.    It is unclear whether the individuals whose names appear on the documents located by the Secret Service and the WHORM in their searches for information

9

responsive to plaintiff's FOIA request are the individuals about whom plaintiff seeks

information. Plaintiff's FOIA request did not provide Social Security numbers, dates of birth, or

other identifying information. Therefore, the potentially responsive information concerns

individuals with the same name as a person listed in plaintiff's FOIA request.

27.     From Sensitive Security Records, the Secret Service is withholding, pursuant to

§§ 552(b)(6) and (b)(7)(C), the names of the individuals making the requests for access, the

Social Security numbers and dates of birth for the individuals seeking access to the White House

Complex, as well as the name of an Access Control Officer.

28.     From Large Event Summaries, the Secret Service is withholding, pursuant to

§§ 552(b)(6) and (b)(7)(C), the Social Security numbers and dates of birth for the individuals

seeking access to the White House Complex, as well as the name of a Secret Service Uniformed

Division Officer.

29.    In making its determination to withhold this information under exemptions (b)(6)

and (b)(7)(C), the Secret Service balanced the public's interest in disclosure against the rights to

personal privacy of the individuals named, and determined that the privacy rights of the

individuals outweigh any public interest in disclosure.

30.     First, in regard to the names of the individuals making the access requests,  the

name of a Secret Service Officer, and the name of an Access Control Officer, there would appear

to be little public interest in such information. Yet, the release of such information could invade

the individuals' privacy by causing them public attention or subjecting the individuals to

unnecessary and unwanted contact. Therefore, any such information would be withheld under

exemptions (b)(6) and (b)(7)(C).

31.    Second, the Secret Service is withholding the Social Security numbers and dates of birth under exemptions (b)(6) and (b)(7)(C).  Such information, combined with the individuals' names, could lead to various forms of criminal activity against the named individuals, such as identity theft or fraud.  There seems to be no reason why the combination of an individual's Social Security number and date of birth should flow into the public domain, or why the public would have a valid interest in such identifying information.  Considering these factors, the dates of birth and Social Security numbers of these individuals are being withheld under exemptions (b)(6) and (b)(7)(C).

### Segrebility of Information

32.    In processing this request, the Secret Service's FOI/PA Office also considered whether any responsive information could be segregated and thus released to plaintiff.  In regard to the Sensitive Security Records, it was determined that were the withheld information to be segregated, the remaining information on a document would be meaningless.  After withholding the information described earlier in this declaration, all that remains is a blank form.  Therefore, it was determined that there was no information that could be reasonably segregated and released to plaintiff.

33.    With respect to the Large Event Summaries, the Secret Service also considered whether any responsive information could be segregated and thus released to plaintiff.  It was determined that certain information could be reasonably segregated and released to plaintiff.  In regard to these documents, only discrete information – such as the name of a Uniformed Division Officer, limited security information, and a Social Security number and date of birth – has been withheld from each of the documents under the specific exemptions described above.

11

### Conclusion

34.    In completing its protective and investigative functions, the Secret Service must protect from disclosure identifying information regarding third parties, and must protect the integrity of its security and protection related processes and information.  For these reasons, the potentially responsive information located in connection with the search for information in the Sensitive Security Records responsive to plaintiff's FOIA request has been withheld in full. However, redacted versions of the Large Event Summaries will be disclosed to the plaintiff in this case.

I declare under penalty of perjury that the foregoing is true and correct.


DECEMBER  11,  2007
Date

_Craig W. Kelner_
Craig W. Ulmer
SAIC, FOIA/PA Officer


12