**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 1:06-883 (RCL) |
| | : | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S MOTION FOR IMMEDIATE STATUS CONFERENCE**
**AND REQUEST FOR ENLARGEMENT OF TIME TO RESPOND**
**TO DEFENDANT'S "SUPPLEMENTAL" MOTION**
**FOR SUMMARY JUDGMENT ON CLAIMS I-III**
**AND SUPPORTING MEMORANDUM**

Citizens for Responsibility and Ethics in Washington ("CREW") hereby requests that this

Court hold a status conference in the above-captioned matter as soon as possible.[1]  In addition,

CREW requests that its time to respond to defendant's so-called "supplemental" motion for

summary judgment on Claims I-III be postponed until the parties have had an opportunity to

address at such a conference the propriety of this filing as well as the status of other pending

motions, including plaintiff's pending request to conduct discovery.  As grounds for this motion,

CREW states as follows.

This case concerns a Freedom of Information Act ("FOIA") request that CREW

---

[1] In making this request, plaintiff is mindful of the upcoming holidays and the possibility
that the Court may not be able to accommodate plaintiff's request until after the holidays.
Accordingly, plaintiff respectfully suggests that if the Court cannot schedule a status conference
for next week it consider holding a conference as early as possible in January 2008.

submitted to the Secret Service, a component of the U.S. Department of Homeland Security

("DHS"), on February 2, 2006, for all records pertaining to visits that Jack Abramoff and seven

of his associates made to the White House and the vice president's residence.  Complaint at ¶ 24.

CREW also requested expedition of its request given the significant public focus and speculation

on the relationship between Jack Abramoff and the president.  Id. at ¶ 25.

On May 10, 2006, CREW filed this suit based on DHS's failure to respond to the request.

CREW subsequently amended its complaint to add claims under the Administrative Procedure

Act ("APA") based on the defendant's failure to comply with the Federal Records Act through

its policy of destroying copies of visitor records once it had transmitted copies to the White

House.  See Document 25.[2]

Defendant's initial reaction to the lawsuit, which was consolidated with the then-pending

suit of the Democratic National Convention ("DNC"),[3] was to seek a settlement with both the

DNC and CREW.  As an inducement to settle, the government offered to provide visitor records

that it claimed were no longer in the possession of the Secret Service but were, instead, in the

possession of the White House.  In the absence of any offered relief for CREW's APA claims,

CREW declined to settle.

Almost from the outset this case has been marked by confusion and representations by

defendants that have proven to be inaccurate at best, and misleading at worst.  Early on, the Court

---

[2] For the convenience of the Court, references to pleadings in this case will be made by citation to their document number.

[3] The DNC's suit was based on its FOIA request for specified White House visitor records of Jack Abramoff and was dismissed on September 22, 2006, pursuant to a stipulation of the parties.  See Minute Order of September 22, 2006.

issued an Order requiring DHS to describe the documents it possesses responsive to CREW's

FOIA request and explain the basis for its position that those documents are not agency records.

Order of August 9, 2006 (Document 29).  DHS's response reiterated its claim that the documents

are not agency records and went on to address "categories" of responsive documents and "certain

records" it claimed are exempt from disclosure under the FOIA, see Document 36.  DHS did not,

however, provide the required listing identifying each requested document as well as a document-

by-document listing of exempt documents as the Court's Order required.  See Document 39.

On September 21, 2006, in lieu of the anticipated motion for summary judgment, DHS

filed a motion to dismiss the FOIA counts (Claims one through three), claiming the Court lacked

jurisdiction.  See Document 45.  Specifically, the government argued that the FOIA counts were

moot because the Secret Service had conducted a reasonable search and released all non-exempt

documents.  Id.

In fact, however, DHS had not produced any documents to CREW when it filed its motion

to dismiss because inexplicably it had sent the documents (with no advance notice to CREW that

they were being produced) to CREW's old address, despite the fact that every pleading CREW

had filed in this case from the complaint forward denoted its current and proper address.  See

Document 48.  More fundamentally, as CREW pointed out in its opposition, there were numerous

and critical holes in the search the agency claimed to have conducted that made dismissal

inappropriate.  Id.  In addition, although DHS noted that it had redacted certain material from the

records produced to CREW, its motion failed to even discuss the merits of those exemptions.  Id.

Finally, and most critically here, CREW explained that it needed discovery to respond to

the many factual issues raised in the defendant's motion to dismiss, including third-party

discovery.  Id.  CREW also pointed out the numerous inconsistencies in the declarations DHS had

submitted in support of its motion to dismiss, inconsistencies that raise a serious question about

the government's good faith in responding to CREW's request.  See Document 54.

On December 12, 2006, DHS submitted a supplemental declaration in support of its

motion to dismiss the FOIA counts that outlined additional categories of responsive records that

had suddenly "come to light," as well as documents that purportedly had been discovered "in the

course of an office move at the White House Complex."  See Document 59.  In its response to this

filing CREW pointed out, among other things, that the government had made these discoveries

back in October but waited six weeks to advise this Court of the so-called newly discovered

information.  See Document 60.

On September 5, 2007, in response to an order of the Court, the parties submitted a joint

status report (Document 9).  DHS, for its part, represented that it "intends to supplement its filings

with respect to the FOIA claims to reflect recently discovered information relevant to plaintiff's

FOIA request."  Id.  In response, plaintiff pointed out that "defendants have refused to provide

plaintiff with any information about the nature of this [recently discovered] information," as well

as "plaintiff's understanding that defendants have known about this information for weeks, if not

longer, yet to date have still not supplemented their pleadings."  Id.  Then, when defendant failed

to make good on its promise to supplement its filings, CREW filed a motion to compel defendant

to supplement (Document 71).

Over two months later, on December 11, 2007, defendant filed what it called a

4

"supplemental" motion for summary judgment on the FOIA claims.  <u>See</u> Document 75.[4]  For the

first time in this case, DHS identified an entirely new category of documents -- "Sensitive

Security Records" -- as well as several other categories of records that it had belatedly determined

might contain responsive documents and that, after a search, in fact did yield new responsive

documents.  <u>Id.</u>   Defendant also made clear, however, that these searches were conducted "only

after they were authorized by the Office of the President and the Office of the Vice President."

Document 75-2 at ¶¶ 5, 7.

      With the filing of this motion defendant neither withdrew its pending motion to dismiss

nor sought leave of the Court to make this filing.  At this juncture, then, defendant has both a

pending motion to dismiss and a pending motion for summary judgment.  In addition, plaintiff has

requested discovery, a request on which the Court has yet to act.[5]

      Charitably speaking, defendant's latest filing has generated significant confusion about the

procedural posture of this case.  With a previous pending motion on these same claims and a

response from plaintiff that included a request for discovery it is not at all clear that defendant

could properly file an entirely new dispositive motion without leave of the Court or simply

withdraw its motion to dismiss.  Indeed, plaintiff has raised serious and substantive questions

about the government's good faith that are not allayed by defendant's latest filing, which in fact

supports plaintiff's position that it needs discovery before this case proceeds further.

---

    [4] This designation as "supplemental" is perplexing given that defendant has not
previously filed a summary judgment motion.  The most likely explanation is that defendant was
hoping to obscure the fact that this motion is not at all supplemental, but an entirely new motion.

    [5] Plaintiff is mindful that this Court only recently was assigned this case and has therefore
had only a limited opportunity to familiarize itself with the filings in this matter.

For example, while defendant now claims it has produced or otherwise accounted for all responsive documents -- a claim it has falsely made in the past -- it is clear from defendant's supporting declaration that defendant has produced only that which the president and vice president have permitted.  That the White House is controlling any search for and release of responsive documents raises a serious question about the potential existence of other records of Mr. Abramoff's visits to the White House -- records that CREW has reason to believe exist.[6] Similarly, defendant's lengthy and unjustified delay in bringing to the Court's attention newly discovered documents raises a serious question about the extent to which defendant has, in fact, fully complied with its obligations under the FOIA.  At a minimum, plaintiff is entitled to have its request for discovery heard and decided before defendant is permitted to generate another round of briefing on the merits of plaintiff's FOIA claims.

## CONCLUSION

For these reasons, plaintiff requests that the Court hold an immediate status conference to sort out the competing motions and determine the best way to proceed.  Given plaintiff's position that defendant's latest motion for summary judgment is procedurally and substantively improper at this point, plaintiff also requests that its time to respond to the motion be deferred until such a status conference has been held and the Court has charted a procedural course for this litigation.

Pursuant to LCvR 7(m) undersigned counsel for CREW consulted with Justin Sandberg, counsel for DHS, about this motion.  Mr. Sandberg represented that DHS takes no position on CREW's request for a status conference, does not oppose extending CREW's time to respond to

---

[6] As noted earlier, counsel for DHS has admitted to plaintiff that the White House has additional records which, counsel claims, are not in the possession of the Secret Service.

the supplemental motion for summary judgment to a date certain in light of the upcoming

holidays, but does oppose an indefinite extension.

                                    Respectfully submitted,

                                      */s/ Anne L. Weismann*

                                      Anne L. Weismann
                                      (D.C. Bar No. 298190)
                                      Melanie Sloan
                                      (D.C. Bar No. 434584)
                                      Citizens for Responsibility and Ethics
                                       in Washington
                                      1400 Eye Street, N.W., Suite 450
                                      Washington, D.C.  20005
                                      Phone: (202) 408-5565
                                      Fax: (202) 588-5020

                                      Attorneys for Citizens for Responsibility
                                      and Ethics in Washington

Dated: December 12, 2006